MILBURN SIMMS v. THE STATE.

No. 1916.    Decided June 12, 1912.

Rehearing denied June 28, 1912.

1.—Assault to Murder—Evidence—Clothing.

Where the issue in the case was as to how close prosecuting witness was to defendant when the shots were fired, there was no error in admitting testimony that the clothing worn by prosecuting witness at the time were not powder burned.

2.—Same—Evidence—Character of Wound.

Where, upon trial of assault to murder, the attending physician had testified to the nature and character of the wound inflicted upon prosecuting witness, there was no error in admitting testimony that the prosecutor after he was shot turned his horse loose, believing that it would go home.

3.—Same—Bills of Exception.

Where the bills of exceptions did not state any grounds of objection why the testimony was rejected, the same can not be considered on appeal.

4.—Same—Sufficiency of the Evidence—Motive—Malice.

It has been uniformly held by this court, that in the absence of motive being shown, and the killing or shooting is without excuse or justification and unexplained, the law implies malice; and where the evidence showed no motive or explanation other than a wanton and wilful act without excuse or justification, the conviction was sustained, the court properly submitting the theory of the defense.

**5.—Same—Rule Stated—Practice on Appeal.**

If there is evidence to support the finding of the jury, and there is nothing in the record to cast a doubt on that evidence, other than that the evidence offered in behalf of the defendant appealed strongly to the judgment of the Appellate Court, there is no reversible error.

**6.—Same—Charge of Court—Theory of the Defense—Shooting to Scare.**

. If defendant, by some act or conduct of prosecutor, was not justified in shooting, if he shot at him to scare him it would be a wilful and wanton act and an offense for which he would be responsible, under article 51, Penal Code; and where the court aptly and tersely presented the defense upon trial of assault with intent to murder, the conviction of such offense was sustained.

Appeal from the District Court of Chambers. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Heidingsfelders,* for appellant.—On question of the court's charge: Odle v. State, 13 Texas Crim. App., 612; Black v. State, 38 Texas Crim. App., 58; Jones v. State, 33 id. 492; James v. State, 32 id., 509; Scott v. State, 10 Texas Crim. App., 112; White v. State, 18 id., 57; Mundine v. State, 37 Texas Crim. Rep., 5; Trimble v. State, 57 Texas Crim. Rep., 439, 125 S. W. Rep., 40.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with assault to murder, convicted and his punishment assessed at two years in the penitentiary.

A state of facts out of the ordinary is presented by this record from the State's standpoint. No motive or suggestion of a reason for the shooting is shown unless it can be attributed to just a wanton act. Ray Wallace says he was crossing a bridge on his way home, when he saw appellant and another negro approaching the bridge horseback. That when they saw him they turned back, and he holloed to them to come on that he was not going to bother them; that they did come on and when they got about even with him, appellant shot at him twice, one ball entering his shoulder and running downward, and after doing so the negro rode on. He testifies no ill will, nor animosity existed between them.

The negroes, in substance testify the same thing as the prosecuting witness until they start across the bridge; they say when they got even with the prosecuting witness, that Wallace said, "Halt," reaching for the bridle of his horse, "give me your money," when appellant fired twice and rode on.

The jury did not believe the statements of the negroes, and found appellant guilty, and this leaves the record with an unexplained assault. On this issue the court charged the jury:

"You are further charged in this connection that if you believe from the evidence that Ray Wallace was advancing toward the defendant or was reaching for defendant's horse and demanding defendant to give up his money or words to that effect, and under such circumstances the defendant shot the said Ray Wallace, then he was justifiable, and if you so find, you will acquit the defendant, or if upon this point you have a reasonable doubt you will acquit defendant."

Thus the defense presented by the evidence offered in behalf of defendant was put fairly before the jury; in addition to this, the court charged on self-defense from the appearance of danger, as it appeared to defendant at the time, and the charge in every sense of the word was as favorable to defendant as the evidence would justify.

In one bill of exceptions it is shown that the court permitted witnesses to testify that the clothing worn by the prosecuting witness on the night he was shot, were not powder burned. In this there was no error. It was an issue in the case as to how close prosecuting witness was to appellant when the shots were fired, and this testimony was admissible as bearing on that issue. The shooting is alleged to have taken place in October, 1910, while this trial did not take place until March, 1912, and it was not necessary to produce the clothing worn on that occasion.

The prosecuting witness was permitted to testify that after he was shot he turned his horse loose, believing the horse would go home, and his people would come and get him. This evidence could not have been detrimental to defendant, as the attending physician had testified to the nature and character of the wound inflicted.

These are the bills in the transcript, and while in the statement of facts it is shown other exceptions were reserved to the introduction of testimony and the court in approving same, approves the exceptions therein reserved, yet, in the statement of facts it is shown that defendant was granted the privilege, when preparing the bills, to state the grounds of the objections. As no bills were prepared, and no grounds of objection stated at the time the testimony was objected to, but it only being stated that defendant "objected" in some instances and at other times it is stated that such testimony was irrelevant and immaterial, the matter is not presented in a way we can review the question of admissibility of such testimony.

The question of the sufficiency of the testimony, to us presents a serious question, and one whether the testimony of the State's witness would support the verdict of the jury. It has been the uniform holding of this court, that in the absence of motive being shown, and the killing or shooting is without excuse or justification and is unexplained, the law implies malice. The State's testimony shows no motive or explanation other than a wanton and wilful act without excuse or justification; the defendant's testimony shows a perfect defense, nothing to mitigate, but absolute justification. Yet, the judge submitted this defense, fairly and fully, and the jury by their verdict found it

untrue, and there is nothing in the record to suggest that the verdict is due to passion or prejudice, and under such circumstances, we have been frequently called on to pass on how far we are permitted to invade the province of the jury, and substitute our judgment as to the weight of the evidence, and it seems to be the rule, that if there is evidence to support the finding of the jury, and there is nothing in the record to cast a doubt on that evidence, other than that the evidence offered in behalf of defendant appeals strongly to our judgment, we are not permitted to disturb the verdict. To us the evidence offered in behalf of defendant seems to predominate in favor of the theory advanced as a justification, but the law was clearly stated to the jury, and they viewed the matter differently. Under such circumstances, our province being merely to see that the case is tried fairly in accordance with the rules of law, and to only disturb the verdict on account of evidence only when there is no testimony to support it or the testimony is insufficient to overcome the presumption of innocence, or is so vague or contradictory that no reasonable mind would be justified in reaching such conclusion, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

June 28, 1912.

HARPER, JUDGE.—In his motion for rehearing appellant criticises that part of the original opinion wherein we held: "It has been the uniform holding of this court, that in the absence of motive being shown, and the killing or shooting is shown to be without excuse or justification, and is unexplained, the law implies malice." He says this is abstractly correct, but that where the defendant's testimony offers an explanation of the shooting, this principle of law does not apply. If the jury had believed defendant's explanation, this case would not have been before us on appeal, but he would have been acquitted. We thoroughly agree with defendant that it is the law of this State, and mandatory on the court to charge on every theory of defense brought out by the testimony, so it is useless to discuss the authorities cited by appellant. The sole question is, did the court charge on every theory of defense brought out by the testimony? The defendant testified to seeing a man on the bridge, and that he turned back, when the man told him to come on. To quote his exact language he says: "So we turned and went on back, and just as we got opposite to him he reached one hand for my horse and says, 'Halt.' He was reaching for my horse and said, 'give me your money.' That was on the bridge and I think it was about the middle of the bridge. He was on foot. When he reached and says 'give me your money,' he had his other hand in a position like he had something in it, gun or something. I could not see whether it was a gun or what it was. I had this gun in my wallet on the pommel of my saddle. I reached in my wallet and drew it and went to shooting. As to how close this man was

to me when I shot him, well, I could have almost put my hand on him; he was about two feet from me I guess. I did not shoot straight down, when I snatched it out of my wallet hanging on the pommel of the saddle I shot in a kind of slanting way. I could not tell whether it was a white man or a negro and I did not know who it was. I shot at him but I did not know whether I hit him. I shot to get away from him. I thought he was about to rob us." This is the way he testified on direct examination; putting the matter in the strongest light for himself. The court submitted this defense to the jury in the following language, after charging on self-defense in an approved form:

"You are further charged in this connection that if you believe from the evidence that Ray Wallace was advancing toward the defendant or was reaching for defendant's horse and demanding defendant to give up his money or words to that effect and under such circumstances the defendant shot the said Ray Wallace then he was justifiable and if you so find you will acquit the defendant, or if upon this point you have a reasonable doubt you will acquit the defendant."

Thus it is seen the court aptly and tersely presented the defense made by defendant. However, appellant insists that as appellant testified on cross-examination that he did not shoot to kill prosecutor but shot to scare him, that the court ought to have instructed the jury that if they believed this to be true they should acquit him. This is not the law. If appellant, by some act or conduct of prosecutor, was not justified in shooting, if he shot at him to scare him it would be a wilful and wanton act, and no one is justified in committing such an act, but it would be an offense under our law, and appellant would be held responsible for the consequences of such an act. Article 51 of the Penal Code provides that the intention to commit an offense is presumed whenever the means used are such as would ordinarily result in the commission of the forbidden act. If appellant shot at prosecutor to scare him, without being justified in so doing, it is an offense. If he shot under the circumstances he stated, the court fully instructed the jury as to the law under those conditions. The contention that the law never presumes anything is not correct, and is not supported by any of our decisions. If an illegal act is shown beyond question and no excuse or justification shown, the law presumes that such person intended the necessary and probable consequence of such an act. Shaw v. State, 34 Texas Crim. Rep., 435; Hatton v. State, 31 Texas Crim. Rep., 586; Wood v. State, 27 Texas Crim. App., 393; High v. State, 26 Texas Crim. App., 546; Lane v. State, 16 Texas Crim. App., 172; Aiken v. State, 10 Texas Crim. App., 610; McCoy v. State, 25 Texas, 42. In the case of Hill v. State, 5 Texas Crim. App., 7, this court held:

"We have carefully examined the entire charge, and, take it as a whole, we do not believe it is liable to the first objection made to it by defendant. The doctrine of intent, as it prevails in the criminal

law, says Mr. Bishop, an eminent philosophical writer on the criminal law, is necessarily one of the foundation principles of public justice. When one person kills another, the killing must be done with malice aforethought to make the crime of murder. It is a principle of the common law, as old as the law itself, that all homicides are presumed to be malicious until the contrary appeareth from the evidence. This is the law in Texas. In the case of Farrer v. The State, 42 Texas, 265, the Supreme Court says: 'It is a familiar axiom of the law that every person is presumed to understand the probable result of his acts. And when an unlawful act is clearly shown to have been done, it is for the defendant to show facts which mitigate, excuse, or justify it, so that a reasonable doubt, at least, may arise on the entire evidence in the case as to his guilt.. Hence, when the killing is proved, and it is not shown to have been done under sudden passion, induced by an adequate cause, or under circumstances which excuse or justify it, such killing must be regarded as voluntary and designed, and, therefore, with the malice which the law imputes to such homicide.' "

The motion for rehearing is overruled.

*Overruled.*