JULIA IVORY v. THE STATE.

No. 9305.    Delivered June 17, 1925.

1.—Theft from Person—Motion for New Trial—Practice in Trial Court.

There is but one bill of exception in this record, directed to the overruling of appellant's motion for a new trial. The motion for a new trial contains twelve different alleged grounds of error, no one of which was preserved by a separate bill of exception at the time the alleged error occurred. This does not present any matter for review to this court.

2.—Same—Facts Sufficient.

The facts as disclosed by the record being sufficient to sustain the verdict, and no error being disclosed in the record, the cause must be affirmed.

Appeal from the Criminal District Court of Travis County. Tried below before the Hon. James R. Hamilton, Judge.

Appeal from a conviction of theft from the person; penalty, two years in the penitentiary.

The opinion states the case.

*Dickens & Dickens,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Travis County of the offense of theft from the person and her punishment assessed at confinement in the penitentiary for a term of two years.

There are no objections found in the record to charge of the court and no bills of exception preserved to the introduction of any testimony.

Appellant filed an application for a continuance but there is no bill of exceptions found in the record to the court's action in overruling the same. In fact, the only bill of exception contained in the record is one complaining at the court's action in overruling defendant's motion for a new trial.

The motion for a new trial contains twelve different alleged grounds of error, no one of which was preserved by a separate bill of exception at the time the alleged error occurred. Under these conditions, we hold that there is nothing in the record which we can consider.

The facts being sufficient to support the verdict, and there being no error of record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.