## S. A. JENKINS V. THE STATE.

No. 15983. Delivered May 31, 1933.
Reported in 60 S. W. (2d) 1040.

The opinion states the case.

*W. J. Arrington,* of Breckenridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for obstructing a street in a town; punishment, a fine of $25.00.

Appellant was tried upon a complaint charging him with wilfully obstructing a public street in the town of Caddo in Stephens County, Texas. The facts show that appellant owned some property abutting on Main Street in said town; that a state highway was laid out along said street, the pavement of which was 43 feet wide. The street as laid out was 60 feet wide, it being thus apparent that on each side of the pavement there was a strip approximately 8 feet wide not covered by the pavement. This was used as a sidewalk, and would be regarded in law as part of the street. Appellant had placed six iron pipes, set in the ground at an angle, in the space referred to as a sidewalk. The pipes at one end were in the ground and inclined up at an agle of 45 degrees toward the street curb. The testimony of a number of witnesses was unanimous and was to the effect that same constituted an obstruction to the street. Appellant claimed that some time before he put the pipes down an automobile had run over the curb and crushed into the front of his building, and he put these pipes down as a defense to his property. In so far as the legality or illegality of his action affected the wilfulness, which was a necessary element in the offense charged, it was cared for by the court both in the main charge and by a special charge prepared by appellant's attorney and given.

There are four bills of exception in the record. The first

presents objection of appellant to a question to state witness Hammock as to whether the iron pipes referred to, in the manner in which they were placed in the ground by defendant, were dangerous to the general public in passing this place in the sidewalk. We have no doubt of the propriety of the question. Bill of exception 2 complains of the refusal of a special charge, but the same principle was announced in the main charge and in another special charge which was given. Bill of exception 3 is, in substance, the same as bill No. 1. Bill No. 4 brings forward generally the various grounds set up in appellant's motion for new trial, and complains because of the overruling of same. Such a bill of exception brings nothing before us for review.

The judgment will be affirmed.

*Affirmed.*