## C. M. GILBERT V. THE STATE.

No. 17228. Delivered February 27, 1935.

The opinion states the case.

*F. A. Dale,* of Bonham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The indictment under which appellant was convicted charged the offense of theft of property over the value of fifty dollars, and contained averments showing that appellant had been previously convicted of offenses of like character. Because of repetition of offenses, the penalty assessed was imprisonment in the penitentiary for ten years.

C. N. Wilkinson owned a 1933 Chevrolet sedan of the value of $505. At 7 p. m., February 26, 1934, he parked his car near the high school in Longview, Texas. When he returned at 10 p. m. his car was gone. Irvin Pierce, a witness for the State, who was a porter employed by the Globe Hotel in Lubbock, testified that appellant registered at said hotel under the name of R. G. Clark at 8:30 a. m., February 27, 1934. His tesimony was to the further effect that one Red McCallister came to the hotel with appellant, and also registered. The two parties took one room, where they slept until about 11 o'clock that morning. E. R. Morris, a witness for the State, testified that appellant came to his garage in the City of Lubbock with another man in a Chevrolet sedan sometime in February, 1934, and had some work done on the car, for which he (appellant) paid the witness three dollars. J. L. Croft, a witness for the State, who was city detective of Lubbock, found appellant and one J. B. Wendel in possession of Mr. Wilkinson's Chevrolet sedan in the City of Lubbock on the 2nd of March, 1934. Appellant was driving the car. The outside numbers had been changed.

Appellant did not testify in his own behalf, but introduced several witnesses whose version supported the affirmative defense of alibi.

We are unable to agree with appellant's contention that the evidence is insufficient to support the conviction. His possession of the automobile was shown by the State to have been personal, recent and unexplained. It involved a distinct and conscious assertion of property by appellant. Branch's Annotated Penal Code, sec. 2463.

Bill of exception No. 1 brings forward the motion for new

trial in its entirety. Said motion embraces all of the supposed errors relied upon for a new trial. The bill is not entitled to consideration. We quote from Cuellar v. State, 7 S. W. (2d) 565, as follows: "The only other bill reserves exception to overruling the motion for a new trial which embraces all supposed errors set forth as grounds for the motion. Such a bill presents no matter demanding consideration. Ivory v. State, 101 Texas Crim. Rep., 123, 274 S. W., 565; Holt v. State, 98 Texas Crim. Rep., 248, 265 S. W., 394."

The indictment embraced allegations showing three previous convictions on the 16th of January, 1933, of theft of property over the value of fifty dollars. The trial judge sustained appellant's contention that the enhanced penalty could not exceed ten years, that is, the maximum penalty for theft of property over the value of fifty dollars. It is shown in bill of exception No. 2 that appellant's motion that only that part of the indictment embracing the present offense and one previous conviction be read to the jury was overruled by the trial judge. We deem it unnecessary to decide whether it was proper to read the allegations showing three previous convictions. It might be plausibly argued that in anticipation of an issue as to identity arising upon one or more of said previous convictions, the State had the right to have each of said convictions submitted to the jury. Be that as it may, it is observed that the State's proof that appellant had theretofore been convicted of theft of property over the value of fifty dollars, as charged in the indictment, was uncontroverted. The respective judgments and sentences showing two of such previous convictions were introduced in evidence by the State without objection on the part of appellant. The penalty assessed by the jury was that authorized by the statute. See art. 62, P. C. Appellant, having failed to object to the introduction in evidence of the judgment and sentences, it would appear that he is not in a position to assert that reversible error is presented. See Osborne v. State, 292 S. W., 240.

We think what we have said relative to the foregoing bill of exception disposes of bill of exception No. 3.

Bills of exception Nos. 4, 5 and 6 relate to appellant's objections to testimony to the effect that he had been previously convicted in two causes charging theft of the grade of felony, as alleged in the indictment. Two of said bills relate to appellant's objections to the introduction in evidence of the indictment in said causes. It is observed that, without objection on the part of appellant, the State introduced the judgments

and sentences showing said convictions. Under the circumstances, appellant is in no position to contend that the matter presents reversible error. Osborne v. State, supra.

We have carefully examined the remainder of appellant's bills of exception and express the opinion that they fail to present reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.