## N. C. HALL v. THE STATE.

No. 18606.    Delivered December 2, 1936.
Rehearing Denied January 13, 1937.

The opinion states the case.

*Wm. E. Davenport,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is forgery; pen-

alty assessed at confinement in the penitentiary for two years. The document relied upon by the State reads as follows:

"Pay to J. H. Young or bearer  $20.00.
Twenty and no/100 Dollars.
"(Signed)  W. C. Ward."

The check was dated June 14, 1935, and was drawn on The Central National Bank of San Angelo, Texas.

The indictment contained two counts, and the conviction is based upon the first count.

Ted V. Curtis testified that he received the check in question from the appellant in payment of five cases of beer amounting to $14.00 and that he gave the appellant $6.00 in change. At the time he gave the check to Curtis the appellant said his name was Ward.

A deputy sheriff testified that a half dozen "hot checks" had come to his office which had been given by the appellant.

The State introduced in evidence two checks which the appellant had signed under the name of Carl Johnson. Several witnesses testified that they saw the appellant sign checks under the name of Carl Johnson.

Appellant testified as a witness in his own behalf. From his testimony we take the following quotation:

"I am charged with giving a check to J. H. Young for $20.00 on June 14, 1935, but I can't testify on those checks because I am not going to tell a lie, and I don't remember well enough to say anything about it; everything seems like a dream to me. I don't remember how long I had been in that condition. I have never been convicted of a felony in this State or in any other state. If the jury sees fit to find me guilty and gives me a suspended sentence I will behave myself after this. I have been out of jail about a month and a half."

On cross-examination the appellant was shown three checks, one being signed W. C. Ward and the other two being signed Carl Johnson. He said he did not remember having written either of these checks. The appellant was requested by the State's counsel to write in the presence of the jury the names of W. C. Ward, Carl Johnson and N. C. Hall, which he did. Witnesses gave the opinion that the handwriting on the three checks was the same as that on the paper upon which the appellant wrote the three names mentioned; that is, that the signatures were all made by the same person.

The appellant admitted in his cross-examination that three indictments were pending against him in the same court in which he was tried for the present offense.

Mrs. Mary Mink, the mother-in-law of the appellant, testified that he never drank before the doctor advised him to drink home brew; that whenever he came out from under the influence of the home brew his mind was not right "and the more he drank the worse he got." She said that when appellant drank too much it would affect him for several days and he did not seem normal. She also testified that appellant had hallucinations and she did not believe his mind was right; that at the time appellant gave the check on June 14, 1935, she did not think he realized right from wrong.

The court instructed the jury upon the law involved in each count of the indictment in a manner against which no objection was addressed.

Appellant challenges the sufficiency of the evidence, but without further discussion thereof we are of the opinion that the testimony is sufficient to support the conviction.

Bill of Exception No. 1 is in substance but a statement of the contention of the appellant that the evidence is insufficient to show that W. C. Ward was a fictitious person or that appellant was not authorized to sign Ward's name to the check in question. The bill is in question and answer form with the permission of the court. It adds nothing to the legal question involved and disposed of by the jury.

Bill No. 2 deals wth the reception in evidence of two checks purporting to have been signed by the appellant in addition to the one upon which the prosecution is based, the contention being that the introduction of said checks tended to prove a separate and distinct offense from the one for which the appellant was on trial. We think the criticism is without merit.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellant in his motion for a rehearing earnestly insists that in affirming the judgment of the trial court we erred in two respects. First, because this court erroneously declared the law relating to exculpatory evidence by the State's prosecuting witness and second, because the evidence wholly fails to show that the alleged forged check was a false instrument, or that it was ever presented to the bank on which it was drawn and that payment was refused. We have again reviewed the statement of facts, but fail to find any evidence that the State offered any exculpatory statement shown to have been made by the appellant. The evidence is

**500**

deemed sufficient to show that the alleged forged check was a false instrument and was made by the appellant, who passed it to Ted V. Curtis in payment for some beer. Not being convinced that our original opinion was erroneous, the motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.