RUSSELL JOHNSON v. THE STATE.

No. 20159. Delivered February 22, 1939.

The opinion states the case.

*Sam H. Townsend,* of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for assault with intent to murder; punishment assessed is confinement in the state penitentiary for a term of one year.

Freddie Kirkwood, the injured party, testified that on the afternoon of March 27, 1938, between three and four o'clock he was in Fred Lewis' Cafe; that after he had been there about an hour, appellant and two other negroes came into the cafe. Appellant began cursing and walked over to Jessie May Brooks and made some remark which he (Kirkwood) did not understand. Jessie May remarked that she was going home and requested Kirkwood to go with her. When they had reached a point about half way to her home, they noticed appellant following them, armed with a long-bladed razor. They returned to the cafe but appellant followed them and tried to go behind the counter where Jessie May was seated. Kirkwood stated to appellant that "he would not do that," whereupon appellant cut him with the razor, inflicting a wound extending about one inch from the left nipple down to the knee, which required some thirty-five stitches to sew up and confined him to his bed and room for about three weeks. The doctor who attended

the injured party, testified that the instrument which produced the wound was sufficient to cause death if it had struck the heart.

Appellant testified that he had never theretofore had any trouble with the injured party. That he did not intentionally cut him, but was drunk at the time and did not remember seeing the injured party in the cafe, or remember anything that took place therein. That after he was released from jail, he went to see Kirkwood, who was still confined to his bed. Appellant's brothers, who were present at the scene of the difficulty, testified to his drunken condition at the time.

Annie Lewis testified for the state that soon after the difficulty, appellant told her and her husband that he had been mad for sixty days; that revenge made him commit the act and he would "love to show those folks that he wasn't drunk, but just mad."

By bill of exception number one, appellant complains of the action of the trial court in overruling his amended motion for a new trial. This bill presents nothing for review. It does not even point out or refer to any error. See Jenkins v. State, 60 S. W. (2d), 1040; Ivory v. State, 274 S. W., 565.

By bill of exception number two, appellant complains of the testimony of C. H. Conner, the constable who arrested him for the alleged offense, relative to appellant's mental and physical condition at the time he carried him to jail. The particular testimony objected to is as follows: "I brought him to jail here in Lufkin. He talked all the way to Lufkin and he talked with good sense and knew what he was talking about; he was mad and drinking * * * ."

The court qualified the bill and in his qualification thereof states that defendant's defense was that he was drunk at the time and did not know anything about the difficulty. The testimony complained of was admitted for the purpose of determining his condition at the time of the offense. No specific statement which the defendant made to the witness was related by the constable. The witness was only asked if from his conversation with, and his observations of the defendant, he appeared drunk or sober.

The acts and conduct of one accused of crime, not otherwise pertinent to any issue in the case except for the purpose of showing his mental status at the time of the commission of the offense, do not fall within the inhibition of the statute which prohibits the admission in evidence of statements made

by an accused while he is under arrest. Appellant had raised the issue of his intoxication at the time of the commission of the offense, and the state had a right to rebut it by showing his acts and conduct immediately after the commission of the offense.

By bill of exception number three, appellant complains because he was not permitted, on cross-examination of Willie Boy Matthews, to elicit from him the fact that some time after the offense was committed, he (appellant) told Willie that he did not intend to cut the boy, if he did cut him; that it was an accident as he was not mad at the injured party. The court sustained the state's objection thereto on the ground that it was a self-serving declaration. We see no error in the court's ruling. It occurs to us that the testimony comes clearly within the rule of a self-serving declaration. See Good v. State, 18 Tex. Crim. Rep. 39; Gonzales v. State, 28 Tex. Crim. Rep., 130; Foster v. State, 45 Tex. Crim. Rep., 98; (74 S. W., 29).

All other matters complained of by appellant have been carefully examined by us and are deemed to be without merit.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.