# BILL SKINNER V. THE STATE.

No. 21950.  Delivered  February  18,  1942.
On  Motion  for  Rehearing  April  15,  1942.

The opinion states the case.

*Mat Davis,* of Gilmer, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of selling whisky in a dry area. The punishment assessed is confinement in the county jail for a period of twenty-five days.

It is charged in the complaint and information that on or about the 4th day of March, 1941, the appellant, Bill Skinner, did then and there unlawfully sell in Upshur County, Texas, to J. C. Howerton, an alcoholic beverage containing alcohol in excess of four per cent by weight, to-wit, whisky. It was further charged that Upshur County was a dry area.

Appellant challenges the sufficiency of the evidence to support the conviction on the theory that it was charged in the information that he sold an alcoholic beverage containing alcohol in excess of four per cent by weight, to-wit, whisky. He contends that since the State particularly described the alcoholic beverage as containing alcohol in excess of four per cent, it was required to meet the particular description thereof by proof. We agree that as an abstract legal proposition this is ordinarily true. However, in order to determine the question presented, we deem it proper to examine the evidence in connection with Section 3a of Article 666, P. C.

The evidence adduced upon the trial shows that on or about the 4th day of March, 1941, J. C. Howerton went to the appellant's place of business, located in Upshur County, and purchased from him two half-pints of "Schenley's Red Label

Whiskey." The containers bearing these labels, together with the contents, were offered in evidence.. Appellant took the witness stand and denied that he was at his place of business at the time in question or that he sold any whisky to Howerton.

While Section 3a of Article 666, P. C., defines an "alcoholic beverage" as "any beverage containing more than one-half of one per cent of alcohol by volume," etc., the article also defines "liquor" as "any alcoholic beverage containing alcohol in excess of four (4) per centum by weight, unless otherwise indicated." "Proof that an alcoholic beverage is alcohol, spirits of wine, whiskey * * * shall be prima facie evidence that the same is liquor as herein defined." Liquor is therein defined as any alcoholic beverage containing alcohol in excess of four per cent by weight. However, since we judicially know that whisky is an alcoholic beverage, and since proof of an alcoholic beverage shall be prima facie evidence that the same is liquor as therein defined, it necessarily follows that it contained alcohol in excess of four per cent by volume. When appellant sold the liquor with the labels thereon as aforesaid, he represented that the bottles contained whisky. Hence we deem the evidence sufficient.

By Bills of Exception Nos. 1 and 4 appellant complains of the court's action in overruling his application for a continuance based on the absence of the witness, Bennie Beene. The application is wholly deficient in that it fails to show that appellant ever applied to the clerk of the court for a subpoena for said witness; nor is it stated in the application what facts he expected to prove and would have proven by said witness, if present. In fact, it does not comply with the requirements of Article 543, C. C. P.

It appears from Bill of Exception No. 2 that the court, in calling the docket for the purpose of ascertaining in which cases the State and the defendant were ready for trial, called four cases pending against the appellant, at the conclusion of which appellant moved for a continuance based upon the ground that the court had informed the prospective jurors who were present in court at the time that there were four other charges of liquor law violations pending against appellant, which was prejudicial. This bill is deficient in that it fails to allege that it was not necessary to call the cases for the purpose of ascertaining in which of said cases the State and the defendant were ready for trial. If the State or the defendant was not ready for trial in either of the three preceding cases, then, of course, it was proper for the court to call the fourth case. The. mere

calling of the cases and sounding the docket did not inform the prospective jurors that in each case the appellant was charged with the violation of the liquor law. Hence the bill fails to reflect error.

The matter complained of in Bill of Exception No. 5 has been in effect disposed of by us in holding the evidence sufficient to sustain the conviction. See Ferguson v. State, 110 S. W. (2d) 61; Dozier v. State, No. 21845, not yet reported. (143 Texas Crim. Rep., page 397).

By Bill of Exception No. 6 appellant complains of certain argument made by the County Attorney but no ground of objection is stated in the bill. He merely said, "I object." This is insufficient to show any error. See Simms v. State, 67 Tex. Cr. R. 98; Bird v. State, 147 S. W. (2d) 500, and cases cited; also Fisher v. State, 108 Tex. Cr. R. 332. If the argument was based on any evidence admitted, or if the same was a reasonable deduction therefrom, it was not improper. Therefore, this bill fails to reflect error.

All other bills of exception appear to us to be without merit and we do not deem it necessary to enter upon an extended discussion thereof.

Finding no error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commisison of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Our former opinion on motion for rehearing is withdrawn and the following is substituted in lieu thereof:

In our original opinion, certain of appellant's bills of exception were overruled without discussion, one of these being Bill of Exception No. 7, which reads as follows:

"BE IT REMEMBERED that upon the trial of the above entitled and numbered cause, the defendant Bill Skinner was convicted of the offense of selling an alcoholic beverage containing alcohol in excess of four per cent by weight and his punishment at 25

days in jail, and the defendant filed a motion for a new trial as fully set out in the foregoing transcript within the time prescribed by law and presented the same to the presiding judge to be set for hearing, whereupon the presiding judge overruled said motion in the absence of the defendant and without giving the defendant an opportunity to offer proof of the allegations set out in said Motion for a new trial and gave as his grounds therefor that he was not overruling the motion for a new trial because of a personal matter but that this case had already cost the county so much money, and if the defendant wasn't satisfied he had other recourses, to which judgment and ruling of the Court the defendant by and through his attorney excepted and tenders this his bill of exceptions, and asks that the same be signed and filed as a part of the record in this case."

This bill of exception was treated by us originally as complaining only of the trial court's action in overruling the motion for new trial. Under the authority of Jenkins v. State, 60 S. W. (2d) 1040, 124 Tex. Cr. R. 92, a bill of exception complaining merely of the overruling of the motion for new trial presents nothing for review. Our attention was not, however, specifically directed to that part of the bill of exception which says: "whereupon the presiding judge overruled said motion in the absence of the defendant and without giving the defendant an opportunity to offer proof of the allegations set out in said Motion for a new trial — — — — — — — — — — — — — — — — — — — — — — — — — — — — — —."

The trial court's approval of this bill of exception without qualification constitutes a certificate by him of the correctness of the language quoted.

So, the question is directly presented as to whether the trial court was authorized to overrule appellant's motion for a new trial in his absence and without giving him an opportunity to be heard.

In this case, the penalty imposed upon appellant being imprisonment in the county jail, brings it within the provisions of Art. 580, C. C. P., which reads as follows:

"In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part

thereof is imprisonment in jail. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial."

Under this Article, the action of the trial court in overruling appellant's motion for new trial in his absence was error. Sweat v. State, 4 Tex. App. 617; 12 Tex. Jur., Secs. 214-217; Henderson v. State, 127 S. W. (2d) 902, 137 Tex. Cr. R. 18.

Appellant's motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is now reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.