MARY A. STONE V. THE STATE.

No. 22885. Delivered June 14, 1944.
Rehearing Denied October 11, 1944.

The opinion states the case.

*Jno. W. Culp,* of Gainesville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a conviction for passing a forged instrument; the punishment, two years in the state penitentiary.

During the year 1942, appellant was the Superintendent of the Gainesville State School for Girls, a state-owned, maintained, and supported institution. As such, it was her duty to sign and to certify, under oath, the monthly salary pay roll for that institution, showing the names of the employees, the capacity in which employed, and the salary due each. This salary pay roll formed the basis upon which the State Comptroller of Public Accounts and the State Treasurer issued the salary warrants drawn against the General Revenue Fund of the State. The salary warrants when drawn were forwarded to appellant for distribution. During the months of April, May, June, July, and August, 1942, the name "Fay Poclik" was certified as an employee of the institution, as "Cook for Supt.," at a salary of $31.00 per month. For each of said months a State Warrant was issued, by the Officers named, payable to "Fay Poclik," in the amount stated.

The five warrants payable to Fay Poclik, for the months stated, and bearing the endorsement of the name of the payee, were, each month, passed, by appellant, to an Officer of The First State Bank of Gainesville, Texas, who credited appellant's account with the amount thereof, less one per cent.

This prosecution was based, and the conviction was obtained, alone, upon the warrant dated April 30, 1942, and passed at the bank on May 2, 1942. The instrument was alleged to be a forgery by reason of the forged endorsement of the name "Fay Poclik" on the back thereof. The indictment was returned at the April, 1943, Term of the District Court of Cooke County.

To show that the endorsement was forged, the State relied upon proof showing that there was no such person in fact as Fay Poclik. No one had ever seen or known her. Various em-

ployees in and around the institution testified that, although inquiries had been made concerning her, they had never seen her. By a comparison of handwriting, the State showed that the appellant had endorsed the name "Fay Poclik" on each warrant. The State introduced all five of the warrants mentioned and proved the passage thereof to the bank by the appellant. In addition, the State showed that, on the 19th day of October, 1942, five separate complaints were filed, in the Justice Court of Precinct No. 1 of Cooke County, Texas, as an examining court, charging appellant with the offense of forgery. As to these complaints, it is noted that there is nothing to show the date or nature of the forgeries therein charged. There is nothing to show that such accusations grew out of, or were in any manner connected with, the offense for which appellant was upon trial, but, to the contrary, each charged a separate and distinct offense, forgery and the passing of a forged instrument being separate offenses and carrying different penalties.

The appellant did not testify as a witness in her own behalf; nor did she offer any affirmative defensive testimony. However, during the examination of the State's witnesses, it was developed that, when appellant was confronted by representatives of the State seeking to have her point out Fay Poclik, she steadfastly maintained that there was in fact such a person; that she was a single girl, in a pregnant condition; and that, in deference to her, she (appellant) was shielding her identity. Appellant never showed Fay Poclik to any person and never advised where she might be found.

Appellant objected to the receipt in evidence of the four warrants other than the one upon which this prosecution was based, and to the proof showing that she passed same, after she had forged the name "Fay Poclik" as an endorsement thereon, because same was irrelevant and immaterial, and was showing the commission, by appellant, of other and extraneous crimes.

Under the facts here presented, we have reached the conclusion that such testimony was admissible, under the rule that, in cases of forgery and passing a forged instrument, proof of other forgeries and the passing of forged paper is admissible on the issue of identity and to show the connection of the accused with a particular forgery charged. 18 Tex. Jur., p. 64; McGee v. State, 112 Tex. Cr. R. 385, 16 S. W. (2d) 1096; Leslie v. State, 47 S. W. 367; Hall v. State, 131 Tex. Cr. R. 497, 100 S. W. (2d) 375. The identity of the accused and her connection with a particular forgery were issues under the facts of this case.

Objection was made to the introduction of the testimony showing that appellant was charged, by complaint in the justice court, with five separate forgeries. We have searched this record for a reason as to why this testimony was offered by the State without, in some manner, connecting the forgeries therein charged with the crime for which appellant was upon trial. We have failed to find any. For aught this record shows, those complaints could have been based upon, and could have been for, forgeries entirely separate and distinct from the crime here charged. As the matter is here presented, the testimony only shows that appellant was charged with five separate and distinct offenses. The rule is well-established that evidence of the commission of independent crimes by the accused is irrelevant where it has no tendency to prove some material fact in connection with the crime charged. 18 Tex. Jur., p. 54. Moreover, the complaints charging appellant with the commission of felonies were not such legal accusations as would authorize proof thereof as tending to show that appellant was charged with a felony. Branch's P. C., Sec. 168. However, it is insisted that the receipt in evidence of such testimony could not, in any particular, have injured the appellant. In other words, if there was error in this particular, same was harmless to appellant. Ordinarily, the receipt in evidence of inadmissible testimony constitutes reversible error; but an exception to this rule exists when the record clearly demonstrates that the accused was in no manner injured or prejudiced thereby. 13 Texas Digest, p. 1027, Sec. 1169, and authorities there cited.

We analyze the facts in the light of the rule stated.

To establish appellant's guilt, the State was under the burden of showing: (a) that the endorsement on the warrant was forged; (b) that appellant knew that fact; and (c) that appellant passed it, so knowing same to be forged. To meet this burden, the State introduced facts sufficient to show: that appellant knew the endorsement was forged, because she forged it; that Fay Poclik was a fictitious person, existing only in the mind of the appellant, and, therefore, the signature to the endorsement was forged by someone; that appellant had the possession of the warrants for distribution to the payees named therein; that the forged endorsement to the warrant was a part of the plan and scheme on the part of the appellant to unlawfully and illegally acquire funds of the State of Texas; and that appellant, with full knowledge of such facts, and in keeping with that scheme, passed the warrant to the bank.

All these facts were undenied and unchallenged by the appellant. Of course, she was not required to do so; but, such failure to deny or to challenge, of necessity, enters into determination of the question of harmless error. Notwithstanding all this, the jury assessed the minimum punishment.

We are constrained to hold that by no hypothesis of reasoning can it reasonably be said that proof of the fact that appellant was charged, by complaint in the justice court, with five separate forgeries injured or prejudiced her rights before the jury. That it did not do so appears definite.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

After again reviewing the record in the light of appellant's motion for rehearing, we remain of the opinion that the case was properly disposed of on the original submission. The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.