**Thad Murphy BUMPUS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 48254.

Court of Criminal Appeals of Texas.

May 15, 1974.

---

Richard D. Bird, Childress (Court-appointed), for appellant.

Clarence L. Darter, County Atty., Childress, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

CHADICK, Commissioner.

This is a misdemeanor driving while intoxicated case. The jury found appellant guilty and the trial court assessed punishment at a fine of $150.00 and fifteen days' confinement in the county jail. However, entry of judgment was suspended and appellant was placed upon probation, subject to terms and conditions recited in the probation order. See Art. 42.13, Vernon's Ann.C.C.P.

Counsel for appellant verbally dictated to the court reporter an objection to the trial court's charge because it did not present a claimed affirmative defense. The trial judge verbally overruled the objection and trial continued. The

court's charge was delivered to the jury and the jury verdict rendered prior to 2:30 p. m., August 15, 1973. Objection in writing to the charge was not filed in the case until September 10, 1973. The dictated objection did not conform to provisions of Art. 36.14, V.A.C.C.P., which requires objections to a court's charge to be in writing. Baity v. State, 455 S.W.2d 305 (Tex.Cr.App.1970); Hatke v. State, 455 S.W.2d 310 (Tex.Cr.App.1970). The court's order suspending judgment and placing appellant on probation was entered August 15, 1973. The article does allow a reasonable time for counsel to examine the court's charge before it is read to the jury and time to make objections thereto but it does not authorize the procedure and delay shown here. Compliance with the provisions of the statute is necessary to preserve error.

■ Following the pattern of appellant's brief, appellant's grounds of error two through five are grouped for discussion. Admissibility of the results of a "Breathalyzer Test" is challenged. In Hill v. State, 158 Tex.Cr.R. 313, 256 S.W.2d 93 (1953) the essential elements of proof in a breath test for alcoholic intoxication are set out. These essentials were reiterated in French v. State, 484 S.W.2d 716 (Tex. Cr.App.1972). As stated in Hill, they are:

"1. Proof that the chemicals were compounded to the proper percentage for use in the machine.

"2. Proof that the operator and the machine were under the periodic supervision of one who has an understanding of the scientific theory of the machine.

"3. Proof by a witness who was qualified to calculate and translate the readings of the machine into the percentages of alcohol in the blood; that is, one who could eliminate the hearsay evidence * * *."

The issue here is confined by argument under the grounds to, first, failure to show the officer conducting the breath test had a valid certificate issued by the Texas Department of Public Safety authorizing him to give breathalyzer tests, and, second, failure to show the chemicals used in the test were the correct chemicals for such purpose and in proper proportion to insure an accurate test. Direct interrogation of the patrolman conducting the test is as follows:

"Q Bobby, are you qualified to give the test?

"A Yes, sir, I am.

"Q Will you tell the Court and Jury where you became qualified?

"A Yes, sir. I attended a Breathalyzer School in Austin at the Texas Department of Public Safety Office down there. I attended forty hours of schooling down there, and graduated the 16th day of February, 1973, after forty hours of instructions.

"Q Did you receive a certificate?

"A Yes, sir. I did.

"Q That qualified you to administer the tests?

"A Yes, sir. It did."

The following is from the interrogation of the supervising chemist, whose qualifications are unquestioned:

"Q Now, you don't know of your own knowledge the exact chemicals that were in the ampoule used in this particular Breathalyzer test?

"A I know the exact compilation of that particular batch number, that particular chemical solution.

* * * * * *

"Q Of your own knowledge, getting back to the exactness, of your own knowledge, you don't know what was in the ampoule?

"A  I know what was in the ampoule, but I didn't check that particular ampoule.

\*   \*   \*   \*   \*   \*

"Q  Do you check this machine down here regularly?

"A  Yes, sir.

"Q  Did you check it before March 25, 1973?

"A  I did. I checked it March the 6th . . .

"Q  Did you check it after March 25th?

"A  Yes, sir. I checked it April the 12th . .

"Q  Was there anything wrong with the machine either time?

"A  No, sir.

"Q  It was in working order?

"A  Yes, sir. It was working properly at both times."

■ Fairly construed, the patrolman's testimony showed he possessed the requisite certificate. The import of the supervising chemist's testimony is that proper chemicals were used and compounded to the proper percentage for use in the test apparatus.

■ Over objection that the question called for an opinion, the trial court permitted one of the arresting officers to testify that the appellant at the time of arrest and breath test was, in the officer's opinion, a "hazard" when driving a motor vehicle upon the highway. The objection should have been sustained. The evidence was an opinion upon an immaterial issue. When the case as a whole is considered, however, the error appears harmless beyond a reasonable doubt. Evidence of appellant's intoxicated condition is overwhelming. The appellant admits to having consumed alcoholic beverage a few hours before he was arrested. His sister's testimony confirmed such fact. There is much evidence in addition to the breath test. A waitress who served appellant a meal and observed him for approximately an hour and a half, said he was very drunk. She called the sheriff when appellant left the cafe where she was employed. Appellant was arrested within a few minutes after leaving the cafe by a deputy sheriff who testified he was intoxicated when arrested. The highway patrolman that administered the test detailed his reasons, independent of the breath test, for concluding appellant was drunk. No contention was made in the trial court or here that the questions or answers were inherently inflammatory or prejudicial. The unwarranted testimony was harmless. See Stone v. State, 147 Tex.Cr.R. 489, 182 S.W.2d 400 (1944); 5 Tex.Jur.2d, Appeal and Error, Criminal Cases, Sec. 444.

Following entry of an order granting probation on August 15, 1973, the appellant filed a motion for new trial on August 21, 1973. An order reciting that such motion was denied on the same day, August 21, 1973, "neither defendant or defendant's counsel being present at the hearing," together with a notation in the order that defendant objected to the court's action in overruling it was filed for record by the county clerk at 2:30 p. m. on the day the motion was filed and overruled. The former Code of Criminal Procedure, Art. 580, provided that:

"In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail. When the record in the appellate court shows that the defendant was present at the commencement or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial."

Such article was supplanted in 1965 by enactment of Art. 33.03, V.A.C.C.P., which reads:

"In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail; *provided, however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, the trial may proceed to its conclusion.* When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial. *Provided, however, that the presence of the defendant shall not be required at the hearing on the motion for new trial in any misdemeanor case.*" (Emphasized is material not appearing in Art. 580.)

Under former Art. 580, when the punishment in a misdemeanor case or any part thereof was imprisonment in jail, the action of the trial court in overruling an accused's motion for new trial in his absence without giving the accused an opportunity to offer proof of the allegations of the motion was error. Johnson v. State, 163 Tex.Cr.R. 101, 289 S.W.2d 249 (1956); Skinner v. State, 144 Tex.Cr.R. 21, 159 S. W.2d 878 (1942).

■ The clear, explicit language of the last sentence of present Art. 33.03 dispenses with the requirements that the accused, in a misdemeanor case, be present at the hearings on a motion for new trial. Though this appears to be the first time this question has reached this Court, the lucid language of the statute requires no aid from decided cases in determining its meaning. Moreover, if the former requirement prevailed, appellant's motion for new trial did not present a question determinable by proof outside the record. All questions presented were determinable from the record then before the court; therefore, appellant was not deprived of an opportunity to offer proof in support of his motion for new trial. No error is shown.

Appellant's grounds of error have been carefully considered and no error requiring a reversal of judgment is found. The judgment of the trial court is affirmed.

MORRISON, J., concurs in the result.

Opinion approved by the Court.