Miguel Reyes ARAIZA, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–82–00103–CR.

Court of Appeals of Texas,
El Paso.

Feb. 16, 1983.

Eduardo N. Lerma, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., John Calhoun, Asst. Dist. Atty., El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

OPINION

OSBORN, Justice.

If a trial court holds a hearing on a late-filed motion to withdraw a plea of guilty, does the defendant have a due process right to be present? That is the question raised by this appeal. We conclude that the defendant does have a right to be present, and we reverse and remand to the trial court for the limited purpose of hearing such motion.

Miguel Reyes Araiza pled guilty on August 3, 1981, to a charge of burglary of habitation with intent to commit rape. The court accepted the plea, found the defendant guilty and sentenced him to seven years confinement. The sentencing occurred on August 17, 1981, and no motion for new trial was filed. On September 4, 1981, the defendant filed his motion to withdraw the plea of guilty. On September 9, 1981, he was transferred to the Texas Department of Corrections. The trial court set the motion for hearing on several occasions and they were vacated while attempts were made to have the defendant returned to El Paso. Finally, on September 16, 1981, when the trial court was about to lose jurisdiction of the case, a hearing was held with counsel present, but not the defendant.

The Appellant's ground of error asserts the trial court erred in conducting a hearing on his motion to withdraw his plea of guilty without the Appellant being present. Article 33.03 of the Texas Code of Criminal Procedure requires that in all prosecutions for felonies, the defendant must be personally present at the trial unless he voluntarily absents himself. The article also provides that the presence of the defendant shall not be required at the hearing on the motion for new trial in any misdemeanor case, but no such exception is provided in felony cases. The granting of a motion to withdraw a guilty plea has been held to have the same effect as the granting of a motion for new trial. *Parker v. State*, 626 S.W.2d 738 (Tex.Cr.App.1981).

Our courts have established a liberal practice concerning the withdrawal of a guilty plea. An accused may as a matter of right withdraw his guilty plea without assigning any reason therefor at any time before the case is taken under consideration by the trier of the facts, but, thereafter, the withdrawal of the plea is within the discretion of the court. *McWherter v. State,* 571 S.W.2d 312 (Tex.Cr.App.1978). If the court conducts a hearing in order to exercise that discretion, the defendant has a right to be present at such proceedings. *Phillips v. State,* 163 Tex.Cr.R. 13, 288 S.W.2d 775 (Tex.Crim.App.1956); *Skinner v. State,* 144 Tex.Cr.R. 21, 159 S.W.2d 878 (Tex.Crim. App.1942).

As hard as the trial court may have tried to have the defendant returned from the penitentiary in order to be present for the hearing on September 16, 1981, the court was unable to have the defendant present, and it was error to have the hearing in his absence. We sustain the ground of error.

We reverse and remand to the trial court for the limited purpose of conducting a hearing on the motion with the defendant present.