ACCEPTED
13-14-00044-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
1/12/2015 11:41:03 AM
DORIAN RAMIREZ
CLERK

**NO. 13-14-00044-CR**

**IN THE COURT OF APPEALS**

**THIRTEENTH COURT OF APPEALS DISTRICT**

**CORPUS CHRISTI, TEXAS**

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
1/12/2015 11:41:03 AM
DORIAN E. RAMIREZ
Clerk

_____

**JOHN HALL**

**Appellant,**

**vs.**

**THE STATE OF TEXAS,**

**Appellee,**

_____

**ON APPEAL FROM CAUSE NO. 36772 IN
THE 66TH JUDICIAL DISTRICT COURT
OF HILL COUNTY, TEXAS**

_____

# BRIEF FOR THE STATE OF TEXAS

_____

Mark F. Pratt
District Attorney
Hill County, Texas

Oral Argument is requested.

Nicole M. Crain
Assistant District Attorney
State Bar No. 24034548
Post Office Box 400
Hillsboro, Texas 76645
(254) 582-4070
FAX (254) 582-4036
ncrain@co.hill.tx.us

i

# **TABLE OF CONTENTS**

Page

Index of Authorities…………………………………………………………………iii

Statement of the Case……………………………………………………….........2

Issue Presented………………………………………………………….……….2

Statement of Facts………………………………………………………….......…2

Summary of Argument…………………………………………….……………2

Argument and Authorities……………………………………………….……3

Conclusions and Prayer…………………………………………….………..6

Certificate of Compliance……………………………………………...……6

Certification of Service…………………………………………...……....7

# INDEX OF AUTHORITIES

**STATUTES:**                                                                  **PAGE**

Tex. R. App. Pro 21.4 (Vernon 2009)…………………………………………...5

Tex. R. App. Pro. 33.1  (Vernon 2009)………………………………………….4, 5

**CASES**

*Bumpus v. State*, 509 S.W.2d 359 (Tex. Crim. App. 1974)………………………...3

*Cabala v. State*, 6 S.W.3d 543 (Tex. Crim. App. 1999)…………………………5

*Powell v. State*, 304 S.W.3d 630 (Tex. App. - Beaumont 2010)…………………...3

*Reyes. v. State*, 849 S.W.2d 812 (Tex. Crim. App. 1993)………………………….3

*Smith v. State*, 286 S.W.3d 333 (Tex. Crim. App. 2009)…………………………..3

# IN THE COURT OF APPEALS

# THIRTEENTH COURT OF APPEALS DISTRICT

# CORPUS CHRISTI, TEXAS

_____

**JOHN HALL**

**Appellant,**

**vs.**

**THE STATE OF TEXAS,**

**Appellee,**

_____

**ON APPEAL FROM CAUSE NO. 36772 IN
THE 66TH JUDICIAL DISTRICT COURT
OF HILL COUNTY, TEXAS**

_____

**BRIEF FOR THE STATE OF TEXAS**

_____

TO THE HONORABLE JUSTICES OF THE THIRTEENTH COURT OF

APPEALS:

COMES NOW the State of Texas, in the above referenced matter and files

this it's brief in response to the brief filed by John Hall seeking reversal of the

judgment of the trial court.

## STATEMENT OF THE CASE

The State is not dissatisfied with the Appellant's Statement of the Case.

## ISSUE PRESENTED

The State is not dissatisfied with the recitation of the Issue Presented.

## STATEMENT OF FACTS

The State is not dissatisfied with the Appellant's Statement of Facts.

## SUMMARY OF ARGUMENT

Evidence of bankruptcy was not presented to the trial court, and therefore the trial court was not given the opportunity to rule on its admissibility, which can be determined from the record. Therefore the trial court did not abuse its discretion by denying a hearing on the motion for new trial.

The appellant raises for the first time on appeal the issue of whether the trial court should have granted a hearing on the motion for new trial to determine the principal motivation of the prosecutor in prosecuting the case. The issue was not timely filed for consideration by the court, nor is the principal motivation test one that has been found to be applicable in the State of Texas. Therefore the trial court did not abuse its discretion in denying a hearing on the motion for new trail.

# ARGUMENT AND AUTHORITIES

## Issue

Did the trial court abuse its discretion by failing to hold an evidentiary hearing on the appellant's motion for new trial?

## Standard of Review

When a trial court denies a hearing on a motion for new trial, the decision is reviewed under an abuse of discretion standard. *Powell v. State*, 304 S.W.3d 630, 634 (Tex. App. - Beaumont 2010); *Reyes. v. State*, 849 S.W.2d 812, 815 ( Tex. Crim. App. 1993).

## Response to Argument

As there was not any evidence that the defendant filed for bankruptcy offered before the trial court at the trial on the merits, no error was committed by the trial court, which can be determined from the record. Therefore, it was not an abuse of discretion to deny a hearing on the motion for new trial. A hearing on a motion for new trial is not an absolute right. *Bumpus v. State*, 509 S.W.2d 359, 363 (Tex. Crim. App. 1974); *Reyes. v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). While a hearing is critical if matters cannot be determined from the record, when they can be determined from the record or the defendant does not establish the existence of reasonable grounds for relief, a hearing is not required. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). The motion for new

trial in this case complains that the trial court erred in excluding evidence that the debt in question had been discharged in bankruptcy. (C.R. at 40). To preserve a complaint for appellate review the record must show that a complaint was made to the trial court by timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, that the complaint complied with the rules, and that the court ruled on the objection or motion expressly or implicitly or refused to rule, and the complaining party objected to the refusal to rule. Tex. R. App. Pro. 33.1 (2013). In this case, the state filed a motion in limine requesting that the defense approach the bench prior to offering any testimony regarding bankruptcy. (C.R. at 12). The court held a hearing on the state's motion in limine, ultimately granting the motion in limine, stating: "From a motion in limine standpoint, I'll grant it. As the evidence comes out, I'm certainly willing to revisit with you." (II R.R. at 103-108). When the appellant was testifying, he began to state that he was in the process of.., at which time the state objected. (III R.R. at 185). Counsel approached the bench, and appellant's counsel agreed to rephrase the question, without interaction from the court. The court asked whether counsel required the court, to which the defense again responded that they would rephrase the question. (III R.R. at 185-186). Therefore, no request was made to the trial court to offer the bankruptcy testimony, nor was

4

the trial court requested to make a ruling, therefore there was no error shown in the record. Tex. R. App. Pro. 33.1. As the issue raised in the motion for new trial was determinable from the record, and the motion for new trial did not establish reasonable grounds for relief as no complaint was preserved for appeal, the trial court did not abuse its discretion in denying a hearing on the motion for new trial.

The appellant states that a hearing on the motion for new trial should have been granted to determine the state's principal motivation for filing the case, be it to collect a debt or prosecute a crime. Motions for new trial and amendments to those motions must be presented within 30 days after the trial court imposes or suspends sentence in open court. Tex. R. App. Pro. 21.4. The appellant raises the principal motivation issue as a ground for hearing on the motion for new trial for the first time on appeal to which the State objects.

In addition, the principal motivation test is part of the concurring opinion in *Cabala v. State* to which the majority responds in footnote 5 that the principal motivation test has little if any value in deciding whether bankruptcy has an effect on restitution in a proven criminal case, and that determining the subjective motivations of the prosecutor, defense attorney, victim, or trial court would be extremely difficult if not impossible to carry out. C*abala v. State*, 6 S.W.3d 543, 549, fn5 (Tex. Crim. App. 1999). Therefore the principal motivation test is not an

issue timely filed for hearing on the motion for new trial, nor is it a test given application by the Court of Criminal Appeals in Texas.

## CONCLUSION AND PRAYER

For the reasons herein alleged, the State prays that this Court uphold the judgment of the trial court.

Respectfully Submitted,

/s/ Nicole M. Crain

Nicole M. Crain
State Bar No. 24034548
Assistant District Attorney,
Hill County, Texas
Post Office Box 400
Hillsboro, Texas 76645
(254) 582-4070
Fax: (254) 582-4036
ncrain@co.hill.tx.us
Attorney for Appellee

## CERTIFICATE OF COMPLIANCE

I certify that the word count on the computer shows the number of words included in the brief to be 804, excluding the parts of the brief exempted by Tex.R.App.P. 9.4(e).

/s/ Nicole M. Crain
Nicole M. Crain

6

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief for the State was served on John Hall by and through his attorney of record, Patrick Davis by electronic transmission to lpatdavis@aol.com on January12 , 2015

/s/ Nicole M. Crain

Nicole M. Crain