## CLARK WIDEMAN V. THE STATE.

No. 24046. May 26, 1948.
Rehearing Denied June 23, 1948.

Hon. H. R. Rolston, Judge Presiding.

230

*Musslewhite, Fenley & Williams,* of Lufkin, for appellant.

*Ernest S. Goens,* State's Attorneye, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with the unlawful transportation of whisky in a dry area, and upon his trial was fined $100.00 by a jury.

The salient facts seem to be that appellant was a taxicab driver in the City of Lufkin; that he and one, L. H. Rouse, who was also a taxicab driver, entered appellant's cab and drove into Trinity County, a wet area, and there appellant purchased one pint of Hill and Hill Whisky and two-half pints of Tuxedo Whisky, which he placed in his taxicab; that Rouse purchased one bottle (a four-fifths quart) of Hill and Hill Whisky and 24 bottles of beer, which he placed in appellant's car; that they then proceeded back into Angelina County. Acting upon certain information, the source of which is not disclosed, the peace officer drove up behind appellant's taxicab and upon sounding their siren, Mr. Rouse threw his bottle of whisky from the car just prior to the time that appellant (the driver) stopped the taxicab, which bottle was recovered by the officers. Upon a search of the car, 23 bottles of beer were found on the floor in the back of the car, one pint of Hill and Hill Whisky and two half-pints of Tuxedo Whiskey were found in the front part of the taxicab which appellant was driving. Mr. Rouse was sitting on the portion of the front seat which was facing backward and was holding the two half-pint bottles in his lap, in a sack, one bottle having the seal broken; that the half-pint of Hill and Hill Whiskey was found in the front of the car under the seat near appellant who was driving the car.

There was an objection made and properly saved to the introduction of the finding of the 23 bottles of beer, the contention of appellant's attorneys being that since he was charged with the illegal transportation of whisky that same was a different and other offense than the one charged and was inadmissible herein. We think same to have been the res gestae of the transportation and search, and note the fact that nowhere in the charge does the trial court authorize a conviction herein for the transportation of beer, but only mentions the transportation of whisky.

The main point raised herein relates to the fact that under the statute, Art. 666-23a (1), Vernon's Ann. Tex. P. C., one is

allowed to transport intoxicating liquor for his own consumption from a place where the sale thereof is legal to a place where the possession thereof is legal. Appellant's testimony shows that he was transporting his three bottles of whisky for his own consumption, and it is his further contention that Mr. Rouse was also transporting his four-fifths quart bottle for his (Rouse's) consumption, and that, therefore, they came under the provisions of Art. 666-23a (1), supra. Appellant was the driver of the taxicab. He was in charge thereof and knew of the contents of the cab. He was transporting the liquor, not only his own bottles but also Mr. Rouse's liquor.

Appellant presents many special charges offered to the trial judge and all refused, wherein he sought to have the jury told in substance that since appellant owned only one quart of whisky and Rouse owned the other quart, that but half the amount so carried should be chargeable to him; and that if the jury so believed or had a reasonable doubt thereof, he should be acquitted. Appellant seems to have confused the prima facie evidence statute to the extent that it is contended not to be unlawful to transport up to one quart of whisky in a dry area. Such is not the proper construction thereof. It is merely a matter of the weight of the evidence; that is, the possession of more than one quart of liquor in a dry area shall be prima facie evidence that it is possessed for the purpose of sale. See Art. 666-23a (2), supra. He again seems to have confused Section (4) of Art. 666-23a, in attempting to apply same to the facts presented herein. That portion of the statute reads:

"It is provided that any person may bring into this state not more than one quart of liquor for his own personal use", etc.

This portion of the law necessarily means that such liquor should have been acquired at a point outside the state and was being transported into this state by one for his own personal use.

The proposition relative to one quart of liquor does not mean that one could lawfully transport for the purpose of sale less than one quart of liquor, but it merely shifts the burden of proof when the amount thus transported exceeds one quart. One could be guilty under the law of illegal transportation of less than one quart for the purpose of sale depending upon the proof offered.

It is worthy of note that the trial court did not charge on prima facie evidence, and therefore, this cause turned on wheth-

er or not this whisky was intended for the consumption of appellant. He contended that he was entitled to tie into the expected fact of his consumption the intended consumption by Mr. Rouse of the bottle thrown from the car. To this we do not agree. Mr. Rouse was not in charge of the taxicab. He was not the driver thereof, but was only a passenger who, together with his whisky, was being transported by appellant in a dry area.

Again, complaint is made relative to the court's charge wherein it is said:

"However, if you believe from the evidence, or if you have a reasonable doubt thereof, that the defendant had purchased the whiskey introduced in evidence, in a wet area, and at the time of his arrest was transporting such whiskey to his home, for his own consumption, you will find the defendant not guilty."

The portion hereof objected to is the phrase, "and at the time of his arrest was transporting such whiskey to his home", etc. It is claimed that the word "home" as therein used, means his domicile or house in which he lived, and that such was too restrictive, and placed a greater burden upon him than was intended by the law. We think the phrase "to his home" referred to the locality or town or city in a dry area rather than to the house or domicile in which he lived.

Many of the requested charges refused by the court were upon the weight of the evidence and were properly refused. We think the charge given by the court fairly set forth the law pertinent to the charge and proof presented. See Long v. State, 149 Tex. Cr. R. 483, 196 S. W. (2d) 635; Harris v. State, 149 Tex. Cr. R. 610, -98 S. W. (2d) 459.

Finding no error in the record, the judgment is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

We advert to only one contention urged in appellant's motion for rehearing, which is that he should not as the driver of the automobile be held guilty of transporting whisky in dry area, which whisky was in possession of Mr. Rouse, a passenger in the car, and which whisky had been purchased by Mr. Rouse for his own consumption. Under what we conceive to be the proper construction of Art. 666-23a (1), Vernon's Ann. Tex. P. C. we can not concur in such contention. One simple illustra-

tion will serve to make our position clear. A. is the owner of a motor vehicle which will accomodate 40 passengers, and was not a carrier authorized to transport intoxicating beverages in this state. He drives his vehicle from a dry area into wet territory where whisky may be legally sold, and takes with him 40 passengers. A. buys for his own use some whisky, and each of his 40 passengers does the same. A. starts on his return trip, having sole control of the operation of his vehicle, and with knowledge on his part that each of his passengers has in his possession a quart of whisky which each purchased for his own consumption. As the owner of the whisky purchased by A. for his own use he could legally transport his own whisky into the dry area, but to permit him to transport into dry area the 40 quarts belonging to his passengers would appear to be in direct contravention of the terms of said Art. 666-23a (1). If appellant's contention is sound, A. would be guilty of no offense under the above illustration. This we do not conceive to have been the purpose of the exception contained in the article in question.

The motion for rehearing is overruled.