AARON GAINES V. STATE.

No. 25607. January 9, 1952.
Rehearing Denied March 19, 1952.

Hon. F. A. Loudermilk, Judge Presiding.

*Gib Callaway*, Brownwood, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was assessed a fine of $500.00 and six months in jail on a charge of transporting beer in a dry area.

The facts of this case are different from the companion case but raise practically the same question, i.e. that the complaint and information are insufficient because they do not contain the words "for the purpose of sale." The discussion in Cause No. 25,606, this day decided, (page 105, this volume), is adopted for the question now before us.

Two officers were parked at nighttime by the side of the road leading into Brownwood. Presumably they were looking for appellant or some other person. As his car approached on an unpaved road and got within a short distance of them they turned their lights on and started to meet the approaching car. As soon as the officers' lights showed up the lights of the approaching car were turned off. They attempted to stop him but, after much diplomatic maneuvering between the officers and appellant, he speeded by them and gained enough distance to turn into a Farm to Market Road. They gave chase and could see by the lights of their car that cartons of beer were being thrown from the fleeing car. They had identified this car as having license No. CC 6248, which they recognized as being the car belonging to appellant. They also identified appellant as the driver. They lost appellant in the chase and then returned to the place where the cartons of beer had been thrown out. They picked up the bottles, those broken and those still containing beer, which consisted of considerably more than twenty-four

pints—if the quantity should have any bearing on the subject as it is before us.

The second question presented by appellant in his brief complains of the introduction in evidence of the cartons of beer. This objection seems to be based on the contention that they were obtained without a search warrant. The evidence is very positive that they did not search appellant's car but merely picked up the beer in the roadway, after seeing him throw it out while his car was fleeing at a speed of about seventy-five miles per hour.

By Bill of Exception No. 3 it is shown that the state introduced in evidence a Federal Liquor License issued to appellant. Apparently this is the same one discussed in the companion case herein above referred to. It is shown to have been lawfully obtained from appellant's car at another and different time. There is no contention here that it was obtained unlawfully. While not necessary to the case, it is held to be admissible as evidence on the issue of unlawful transportation.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING

MORRISON, Judge.

The only important distinction between the matters raised in this case and those in Cause No. 25,606, this day decided, (Page 105, this volume), grows out of the introduction in evidence by the state of a Federal Retail Liquor Dealer's Tax Receipt issued to appellant for Brown County, which was in force on the day charged in the information herein. This is not the same instrument introduced in evidence in Cause No. 25,606, as we stated in our original opinion.

A defense to a charge of unlawful transportation of alcoholic beverages provided by statute, and charged by the court herein, arises out of a purchase for one's own consumption, at a place where the sale thereof is legal, and a transportation to a place where the possession thereof is legal. Certainly, such a tax receipt would be relevant to contest a defense predicated upon the above.

In the case at bar, appellant did not avail himself of such a defense, but instead plead alibi. The issue in this case was

whether or not appellant was the driver of the automobile on the occasion when the officers saw the beer being thrown therefrom. The appellant was identified by the officers who gave chase to his automobile.

This license had been found in the pocket of appellant's car some three days prior to the offense charged. Had the objection been that the same was not relevant, another question would have been presented. However, the only objection here, as shown by appellant's Bill of Exception No. 3, was that such proof was hearsay, inflammatory and prejudicial.

We do not find the evidence subject to the above objection.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.