### W. S. OLINGER V. STATE.

No. 25,878. October 8, 1952.
Rehearing Denied January 7, 1953.

*Tom Davis,* and *Watson & Watson* [*Jack Watson,* of Counsel], Stamford, for appellant.

*Royce Adkins,* County Attorney, Haskell, and *George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was charged as a second offender with the illegal transportation of intoxicating liquor in a dry area, and on the trial before a jury he was fined the sum of $300.00 and sentenced to six months in the county jail, and he appeals.

It appears from the record that the sheriff of Haskell County was out early one morning going to a farm which he had under cultivation, and saw a car traveling in front of him. Both cars had their lights on, and he recognized the car in front of him as that of appellant. He passed it, went on down the road a short distance, then turned around and came back to the car that he had passed. He saw appellant get out from under the steering wheel of this car. He also found two companions of the appellant who were standing on the side of the car. As the sheriff got out of his car and when he was about fifty feet from the appellant, the appellant ran towards the highway fence, jumped over it and started running out in a pasture. The sheriff jerked his gun out of the car and told appellant to stop but it had no effect upon him. The officer fired the gun in the air and appellant still continued his flight. The sheriff then went back to the car and found two persons standing there, one of whom was greatly excited. Upon an examination of the car the sheriff found that it contained a quantity of whisky and beer.

Appellant contends that he was not the owner of the car but that it had been sold by him previous thereto. This question was contested by other evidence before the jury, but in our opinion it has nothing to do with the illegal transportation of intoxicating liquor in a dry area. The testimony of the sheriff shows that appellant got out from under the wheel immediately at the time the car stopped rolling and the sheriff saw him behind the wheel while the car was still in motion.

There is but one bill of exception in the record and that

relates to the court's failure to charge on the law of circumstantial evidence. We can see no reason why such a charge was demanded by the evidence, the sheriff having identified the appellant as the man behind the wheel at the time that the transportation took place. The testimony of the appellant himself shows that he knew that there was whisky in the car at the time he entered the same in the city of Fort Worth, and the testimony of the sheriff connects him with being the man who was driving the car at the time it stopped. Because of the close connection of these facts together it does not seem to be a case of circumstantial evidence.

There are other objections to the court's charge. We are of the opinion that all of the matters that took place at the time of the appellant's flight and the sheriff's relation of what happened at that immediate time were all part of the res gestae. See 4 Tex. Jur. p. 328, sec. 224, and authorities cited in the foot notes.

The judgment will therefore be affirmed.

#### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that this is a case of circumstantial evidence, and that we erred in reaching a contrary conclusion.

It is insisted that the sheriff did not testify that he saw appellant behind the steering wheel of the automobile while it was in motion.

The sheriff did testify that he saw appellant get "Out from under the wheel on the driver's side."

The distinction that appellant would have this court make, under the instant facts, is that because the sheriff did not testify that he saw appellant behind the steering wheel of the automobile while it was moving, the proof as to appellant's being the transporter of the intoxicating liquor found in the automobile was circumstantial, as distinguished from direct.

We are unwilling to subscribe to such a strict construction,

and remain convinced that, under the facts, a charge upon circumstantial evidence was not required.

The motion for rehearing is overruled.

Opinion approved by the court.