MARY GRAHAM JOHNSON V. STATE

No. 28,082. March 7, 1956.

Appellant's Motion for Rehearing Denied
(Without Written Opinion) April 25, 1956.

*Paul W. Anderson*, Marshall, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The offense is possession of an "illicit alcoholic beverage," to-wit, whisky, in a container to which was not affixed a tax stamp showing payment of tax due thereon to the state; the punishment, one year in jail and a fine of $1,000.00.

We are unable to state the facts, as the purported statement of facts appearing in the record only contains the evidence adduced upon the second day of the trial and after the state had rested its case in chief.

In her brief appellant insists that the case should be reversed because the court heard, considered and overruled her motion for new trial in her absence.

She relies upon Article 580, V.A.C.C.P., which provides that in all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail.

The record does not reflect that the appellant desired to be present or was denied the right to be present at the time the motion for new trial was heard and acted upon by the court. Nor does it appear that appellant objected to the court hearing the motion in her absence but on the contrary the order overruling the motion recites, "and came the defendant by and through her attorney, Paul W. Anderson, and acting for her in her absence."

Appellant cites and relies upon the case of Henderson v. State, 137 Tex. Cr. R. 18, 127 S.W. (2d) 902, in support of her contention.

In the Henderson case a conviction was reversed under the provisions of Art. 580, supra, because the court heard, considered and overruled a motion for new trial in the absence of the defendant. An examination of the record in the case reveals that the question of the absence of the defendant was raised by bill of exception certifying that the proceedings were had without the knowledge or consent of the defendant and over objection on the ground of prejudice. In the opinion, the case of Sweat v. State, 4 Tex. App. 617, is cited as authority for the holding.

The Sweat case was decided in 1878 by the court of appeals and laid down the general rule that it is error for the court to hear and dispose of a motion for new trial in the absence of the

defendant. The court, however, under the record, did not reverse the conviction and in announcing the rule, stated:

"* * * but, to entitle him to a reversal of a judgment of conviction, it must be made to appear from the record, affirmatively, that he desired to exercise the right of being present, and that this was denied him, in the court which tried the case."

The Sweat case has not been overruled. It has also been cited as authority for the holding of this court in Skinner v. State, 144 Tex. Cr. R. 21, 159 S.W. (2d) 878. In the latter case the conviction was reversed because it was shown that the motion for a new trial was overruled in the absence of the defendant *and without giving the defendant an opportunity to offer proof of the allegations of the motion.*

Under the record here presented, and the rule stated, the action of the court in hearing and overruling appellant's motion for new trial in her absence is not ground for reversal of the conviction. The record does not show that she desired to exercise her right to be present or that she was deprived of such right. There is no showing that she at any time, in the trial court, through her counsel, objected to the court's hearing the motion in her absence.

The record presents seven formal bills of exception, each of which was qualified by the court, which qualifications were by the appellant accepted.

Bills Nos. 2, 5 and 7 relate to appellant's attack upon the search warrant whereby she attempted to show that the affiants to the affidavit for the warrant knew who the person or persons were in charge of the premises and the warrant stated that the "premises were in charge of person or persons unknown." No error is shown in these bills as the trial court may not go behind the affidavit and search warrant to determine the falsity of facts stated therein in order to invalidate a search warrant valid upon its face. Hernandez v. State, 158 Tex. Cr. R. 296, 255 S.W. (2d) 219.

Bill No. 3 relates to jury argument and cannot be appraised in the absence of a full statement of facts.

Bill No. 4 relates to an incident which occurred while the witness Sowell was being cross-examined. It appears that the witness, upon being asked a question, turned and whispered

something to the judge and the judge in turn whispered something to the witness. Appellant then requested the court to inform the jury and the counsel the nature of the conversation. This the court refused to do and certifies in the bill that, had he done so in the presence of the jury, it would have amounted to a comment upon the weight of the evidence. We fail to perceive any injury to appellant by the incident complained of in this bill.

We have considered Bills Nos. 1 and 6 and find that these bills, as qualified, do not reflect error.

Finding no reversible error in the record, the judgment is affirmed.

Opinion approved by the Court.