## DAVID LEE WRIGHT V. STATE.

No. 31,216. December 16, 1959.
Motion for Rehearing Overruled January 20, 1960.

*R. E. Murphey,* Coleman, Texas, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for unlawfully transporting whisky and beer in a dry area; the punishment, 6 months in jail and a fine of $250.

The state's testimony shows that on the night in question Sheriff H. F. Fenton, Jr. stopped an automobile which was being driven by the appellant on a public road in Coleman County. Riding in the automobile with appellant was one Robert Campbell. The sheriff testified that after stopping the appellant he found a case of twenty-four eight ounce cans of beer in the trunk of the automobile, one bottle of beer partially full on the front seat, one pint bottle of Sunnybrook Whisky on appellant's person and four half-pint bottles of Jim Bean Whisky on Campbell's person. The beer and whisky were introduced in evidence by the state.

It was stipulated that Coleman County was a dry area.

Appellant did not testify or offer any evidence in his behalf.

Appellant predicates his appeal upon two contentions.

He first contends that the court erred in admitting into evidence the four half-pints of whisky that were found on Campbell's

person over appellant's objection that there was no evidence that he had any knowledge that Campbell was carrying the whisky. The evidence that Campbell had the four half-pints of whisky on his person was a part of the res gestae of the transaction and admissible as such. Wideman v. State, 152 Texas Cr. Rep. 229, 212 S.W. 2d 177 and Olinger v. State, 158 Texas Cr. Rep. 116, 253 S.W. 2d 872.

Appellant insists that the evidence is insufficient to support the conviction because it fails to show that he was transporting the beer and whisky for the purpose of sale. The transportation of intoxicating liquors in a dry area is not required to be for the purpose of sale to be illegal. Gaines v. State, 157 Texas Cr. Rep. 102, 247 S.W. 2d 251.

Finding the evidence sufficient to support the conviction and no reverstible error appearing, the judgment is affirmed.

Opinion approved by the Court.