Tommy SKINNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 35133.

Court of Criminal Appeals of Texas.

Jan. 16, 1963.

Rehearing Denied Feb. 27, 1963.

W. Scott Garrison, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Albert F. Fick, Jr., Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is rape; the punishment, fifteen years in the penitentiary.

The appellant took the prosecutrix, a girl twelve years of age, out on several occasions to teach her to drive. She testified that on the third outing, on January 1, 1962, he took her near Lake Worth, stopped, produced a pistol, and forced her to go into a pasture, where he then had intercourse with her against her will. The girl testified to actual penetration, though neither the doctor who examined her nor her mother could positively verify this. The doctor did testify that *the hymen was not intact* but that this did not necessarily indicate penetration, though it was possible that she had had intercourse within two or three hours of the examination.

Examination by the director of the police department crime laboratory of the undergarments worn by the prosecutrix revealed the presence of deposits of human semen and blood.

The appellant took the stand and denied all of this, though he admitted relations with the girl's mother (which she denied). He also acknowledged the fact that on several occasions he had given the prosecutrix driving lessons. Much of the testimony is in conflict, but there is sufficient evidence to support the jury's findings.

The transcript contains four formal bills of exception. The court refused to approve these bills of exception, and the clerk so notified counsel for the appellant. No further action was taken by the appellant's counsel, and no bystanders' bills appear in the record.

■ Under the record, appellant's bills of exception as filed and presented to the court cannot be considered. Art. 760d, Vernon's Ann.C.C.P.; Wortham v. State, Tex.Civ.App., 333 S.W.2d 158; Lair v. State, Tex.Civ.App., 333 S.W.2d 389; Brown v. State, Tex.Civ.App., 353 S.W.2d 425; and Campos v. State, Tex.Civ.App., 356 S.W.2d 317.

■ The matters complained of in the last three bills are also raised by informal bills of exception. All relate to the trial court's action in sustaining the state's objection to questions propounded to the mother and the next-door neighbor of the prosecutrix. In none of the instances complained of did appellant show what the answers to the questions would have been. The bills are deficient and present nothing for review. Mays v. State, 165 Tex.Cr. App. 123, 304 S.W.2d 118; and Sullivan v. State, Tex.Civ.App., 354 S.W.2d 168.

The judgment is affirmed.