Lloyd Hartley JACKSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 35204.

Court of Criminal Appeals of Texas.

Feb. 6, 1963.

Rehearing Denied March 27, 1963.

**936**

Brantley Pringle, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Albert F. Fick, Jr., and R. J. Adcock, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, enhanced under Art. 62 P.C. by reason of a prior conviction for burglary, 12 years.

The evidence shows that a restaurant in Ft. Worth was burglarized during the early morning hours and a safe and its contents were stolen.

A search of appellant's garage, about midnight of the same day, resulted in the finding of the locking mechanism of the stolen safe, and small pieces of cement like filler which had identical characteristics with the filler in the hulk of the stolen safe. The remainder of the safe was found in the Clear Fork of the Trinity River.

The prior conviction alleged for enhancement of punishment was proved by records and finger print comparison.

The sole ground for reversal relates to the admissibility of the evidence obtained as a result of the search of appellant's garage. The contention is that the search warrant, though regular upon its face, is void because the affidavit upon which such warrant was issued, though sufficient and regular on its face, was in fact false.

Appellant's contention is based upon the following:

The affidavit for the search warrant was made by G. T. Hawkins, and reads in part:

"I, G. T. Hawkins, do solemnly swear that on or about the 27th day of June, A. D. 1961, in said county and state, one Hartley Jackson, did fraudulently take from the possession of J. H. Sing (Cath_y House Cafe), and without his consent, and with the intent to deprive him of the value thereof, and to ap-

propriate the same to his own use, certain corporeal personal property owned by J. H. Sing (Cathy House Cafe), to-wit: One safe containing $460 to $470 in bills and change and other personal papers (Safe Serial #L 1148C) of the value of $600.00) Approx.) * * * and I have cause to believe and do believe that the said property is now concealed by Hartley Jackson in a white frame house and attached garage, situated in Tarrant County, Texas, at 4925 Marks Place, Ft. Worth, Texas. * * *"

G. T. Hawkins did not testify at the trial. The evidence shows, however, that he was Lieutenant of Police in Ft. Worth and was one of the officers who made the search.

Police Officer M. Victor, who signed the return on the search warrant with G. T. Hawkins, and Victor's partner H. O. Middleton testified.

The claimed falsity of the affidavit of G. T. Hawkins is based upon the following testimony of Officer Victor:

"Q. From the back porch * * * and were you, at that time, looking for a safe and the contents of a safe?

"A. No, Sir. * * * We wasn't looking for the contents of the safe. * * * We knew where the safe was, and we was looking for evidence.

* * * * * *

"Q. Now, who applied for this search warrant, Mr. Victor?

"A. Lieut. Hawkins signed for it.

"Q. When did you apply for it?

"A. Oh, about midnight on the 27th; around about between ten-thirty and eleven-thirty, close to midnight.

"Q. Now you all knew at that time where the safe was that was taken from the Cathay House?

"A. At that time?

"Q. Yes, sir.

"A. Yes, we knew approximately where it was.

"Q. Tell the jury what time you learned where the safe was, that came from the Cathay House.

"A. Oh, I'd say we learned about ten o'clock that night.

"Q. About ten o'clock that night?

"A. From an informer.

"Q. Who all knew about it? You knew about it * * * who else?

"A. My partner, H. O. Middleton.

"Q. Did he know about it?

"A. As soon as we found out about it, we called Lieutenant Hawkins and Captain Pinkard, and they said 'we will get a search warrant and go to the house.'

* * * * * *

"Q. But you had been informed that the safe was out on the banks of the Clear Fork of the Trinity, off of Highway 377; is that correct?

"A. Yes, sir."

The state points to the testimony of Officer Middleton:

"Q. If you believed on June the 28th that the safe was in the river, why did you make an affidavit on the 29th that it was out at Lloyd Hartley Jackson's house?

"A. To look for the rest of the parts of the safe, and the contents of the safe. * * *"

We are in accord with the state's contention that the testimony relied upon by appellant did not invalidate the search warrant.

In Williams v. State, 139 Tex.Cr.R. 181, 139 S.W.2d 264, this Court held that a positive allegation sufficient for the issuance of a search warrant could not be impeached by the subsequent evidence of the affiant making it.

In Hernandez v. State, 158 Tex.Cr. R. 296, 255 S.W.2d 219, we said that a trial court may not go behind the affidavit and search warrant to determine the falsity of the facts stated therein in order to invalidate a search warrant valid on its face. We cited Ware v. State, 110 Tex.Cr.R. 90, 7 S.W.2d 551; Bird v. State, 110 Tex.Cr. R. 99, 7 S.W.2d 953; and Coleman County Country Club, Inc. v. State (Tex.Civ.App.) 236 S.W.2d 558, writ refused.

Hernandez v. State, supra, has been followed on this point in Griffey v. State, 168 Tex.Cr.R. 338, 327 S.W.2d 585; Johnson v. State, 163 Tex.Cr.R. 101, 289 S.W.2d 249; Sampson v. State, 160 Tex.Cr.R. 302, 268 S.W.2d 661; Torres v. State, 161 Tex.Cr. R. 480, 278 S.W.2d 853; and Reyes v. State, 167 Tex.Cr.R. 171, 319 S.W.2d 326.

The rule stated applies where the affiant's testimony is relied upon to show the falsity of his affidavit for the issuance of the warrant. It must also apply where, as here, the testimony of other witnesses is relied upon to show the falsity of such an affidavit.

If the question of the validity of the search warrant was raised by the evidence at the trial and was for the court, it was resolved against the appellant and the testimony, including that of Officer Middleton, sustains the trial court's ruling that the evidence obtained as a result of the search was admissible.

The testimony of Officer Victor to the effect that he was not looking for the safe or its contents, but for evidence, did not affect the validity of the search warrant. Other than portions of the stolen safe, no property found and seized as a result of the search was admitted in evidence at the trial. Cagle v. State, 147 Tex.

Cr.R. 354, 180 S.W.2d 928, does not support appellant's contention that the search was an exploratory search merely for evidence.

The fact that the seized articles were of value as evidence did not render them inadmissible. La Rue v. State, 149 Tex.Cr.R. 598, 197 S.W.2d 570.

The judgment is affirmed.

## ON MOTION FOR REHEARING

McDONALD, Judge.

The appellant takes us to task for the statement in our original opinion that:

"Other than portions of the stolen safe, no property found and seized as a result of the search was admitted in evidence at the trial."

We acknowledge that three photographs and a note were seized and introduced over objection that they were "wholly irrelevant to anything," but we fail to see how this could affect the outcome of our decision in this case.

Complaint is next made of certain testimony of Officer Victor, in connection with these exhibits. However, prior to this, the same witness was allowed to testify, without objection, to substantially the same facts. "Where the same or similar testimony is admitted without objection, the admission of improper evidence does not call for reversal." Lowrey v. State, 163 Tex. Cr.R. 241, 290 S.W.2d 532; Duhart v. State, 167 Tex.Cr.R. 150, 319 S.W.2d 109; Davis v. State, 168 Tex.Cr.R. 588, 330 S.W. 2d 443.

Appellant, for the first time, complains of the trial court's refusal to allow the impeachment of the witness Victor. Counsel for appellant asked the witness several questions concerning his testimony at a previous trial. The witness could not remember such questions being asked, or the answers he had given. Appellant then requested that the court reporter be allowed to take the stand to read that portion of the testimony taken at the prior trial. The State objected, unless the entire record was introduced, and

the court appears to have sustained the objection.

There was no showing in the statement of facts of what the testimony would have been, and thus no informal bill of exception is presented for review. Skinner v. State, Tex.Cr.App., 364 S.W.2d 700.

Appellant prepared his formal bill of exception by merely quoting from the prior statement of facts certain portions of the witnesses' testimony. The trial judge refused his bill, and the appellant was notified of this, but took no further action. Therefore, the formal bill of exception cannot be considered. Article 760d, Vernon's Ann.C.C.P.; Beale v. State, Tex.Cr.App., 350 S.W.2d 207; Skinner v. State, supra.

Appellant's other contentions were fully answered in the original opinion, and further comment is not necessary.

Appellant's motion for rehearing is overruled.