**Leslie James LACY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36294.

Court of Criminal Appeals of Texas.

Dec. 11, 1963.

Rehearing Denied Jan. 29, 1964.

William Lawrence Scarborough, Corpus Christi, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of fifty dollars.

The testimony of the state and that of the appellant and his wife shows that he was driving an automobile upon a public highway at the time and place alleged.

Officer Moore testified that he observed the appellant at the scene of a collision,

that he smelled the odor of alcohol on the appellant who told him he had drunk some beer and that appellant was unstable and staggering; that he gave his written consent to the removal of a blood specimen for a test of its alcoholic content.

Chemist Bickham testified that an analysis of the blood specimen revealed that it had an alcoholic content of 0.28 per cent by weight which is indicative of intoxication.

Testifying in his own behalf, the appellant denied that he was intoxicated, and stated that any unsteadiness on his part was due to back injuries, and the spinal fusion and treatment for his injuries. The testimony of the appellant is corroborated by that of his wife.

The jury resolved the issue of intoxication against the appellant, and the evidence is sufficient to sustain the conviction.

Appellant contends that the trial court erred in hearing, considering and overruling his first amended motion for new trial in his absence.

Formal bill of exception No. 1 recites in part that on the hearing of defendant's first amended motion for new trial, the County Attorney and the attorney for the defendant were present, and the bill further recites that "the defendant being conspicious by his absence, and both parties having announced ready," the motion was presented to the court. There is no further showing in the record pertaining to the absence of appellant on the hearing of said motion. The record reflects that appellant was on bond at the time of the hearing of his motion for new trial and also on appeal.

No objection appears in the record to the court hearing the motion but, to the contrary, the bill reflects that appellant's attorney was present and announced ready for trial. There is no showing that appellant desired to be present or was denied such right when the motion was presented and

acted upon by the court. Johnson v. State, 163 Tex.Cr.R. 101, 289 S.W.2d 249. A consideration of the bill as a whole fails to show that it certifies error as the appellant contends.

By formal bill of Exception No. 9 appellant contends that the county attorney committed reversible error when he made the following closing argument to the jury:

"BILL SCARBOROUGH has been throwing up nothing but a SMOKE-SCREEN and has not presented one scintilla of evidence to refute the charge against this man. * * * You heard Officer Moore's testimony and Officer Moore testified the defendant was drunk.

"I know the defendant is GUILTY and you know he is."

The objection was directed to that portion of the argument that counsel had personal knowledge of the guilt of the appellant on the ground that it was unsworn testimony, outside of the record, and prejudicial to the rights of the appellant.

The court, in qualifying the bill, stated he recalled that the argument of the county attorney was as follows:

"I believe from the evidence presented here that the Defendant is guilty; * * *"

and that he did not recall any objection being made to the argument.

Appellant noted on the bill that he agreed to the reasons assigned by the judge. Therefore the bill will be considered as qualified. Art. 760d, Vernon's Ann.C.C.P.

It is evident that the jury argument as set out by the judge was a reasonable deduction from the evidence. Therefore no error is presented.

The bills which were approved have been considered and they do not show error. The appellant took no action after several

other bills were refused by the trial judge, with his reasons noted thereon, hence they cannot be considered.

The judgment is affirmed.

Opinion approved by the Court.