In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00176-CR
NO. 09-22-00177-CR

_____

CHADRICK EUGENE BRADLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause Nos. 20-01-00617-CR and 21-02-02579-CR

**MEMORANDUM OPINION**

After a jury found Chadrick Eugene Bradley guilty of the offense of "Assault Family Violence Strangulation Enhanced" in trial court cause number 20-01-00617-CR and guilty of "Assault Causes Bodily Injury Family Violence Enhanced" in trial court cause number 21-02-02579-CR,

Bradley appealed.[1] Six months before the trial, the trial court consolidated the cases, and it then tried them in a single action before signing separate judgments of conviction, that is a judgment tied to the indictment in each case.

Although the appeals are filed separately, the briefs Bradley filed in the appeals raise the same issues, supported by the same arguments. In Bradley's first issue, he argues "the trial court erred by conducting [a] hearing on [his] Motion for New Trial without his presence[.]" In his second issue, he contends the trial court erred "by not properly advising [him] of his right to counsel and the risks of representing himself at trial."

As to Bradley's first issue, we conclude that because Bradley (through his attorney) did not raise a timely objection to the fact he wasn't present for the hearing on the motion for new trial, his right to appellate review was forfeited. As to Bradley's second issue, the record shows that Bradley was represented by an attorney in the guilt-

---

[1]In trial court cause number 20-01-00617-CR, the jury assessed a thirty-five-year sentence, and the judgment the trial court signed is consistent with the jury's verdict. *See* Tex. Penal Code Ann. § 22.01(b-3). In trial court cause number 21-02-02579-CR, the jury assessed a twenty-five-year sentence, and the judgment the trial court signed is consistent with the jury's verdict. *See id*. § 22.01(b)(2)(A).

innocence phase of the trial, in the first punishment hearing, and in the second punishment hearing, a hearing that occurred after the trial court granted Bradley's motion for new trial in part, as to punishment only.

That said, the record also shows that Bradley did represent himself in a single hearing, a hearing on his pro se motion to disqualify the judge of the 221st District Court. The hearing on that motion was conducted before a judge assigned to hear the motion by the regional administrative judge. Following the hearing on the motion to disqualify, the judge assigned to hear the motion denied Bradley's motion. Consequently, Bradley's second punishment hearing (like the first phase of his trial and his first punishment hearing) was conducted by the judge of the 221st District Court. Bradley was represented by an attorney in the second punishment hearing, which was not tried before the same jury that he found him guilty under the indictments charging him with family-violence assault.

As to Bradley's second issue, we conclude that Bradley's argument that he was not properly warned of the dangers of representing himself before representing himself in the hearing on his pro se motion to disqualify the judge of the 221st District Court lacks merit. Because

Bradley's issues were either not properly preserved or lack merit, judgments in trial court causes 20-01-00617-CR and 21-02-02579-CR are affirmed.

Background

In two indictments, one filed in March 2020 and the other in February 2021, a Montgomery County grand jury indicted Bradley, alleging in both indictments that he assaulted *Annette*, a person with whom he has or had a dating relationship.[2] The indictment in cause number 20-01-00617-CR alleged that Bradley assaulted *Annette* by "intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of [Annette], by applying pressure to [Annette's] throat or neck or blocking [Annette's] nose or mouth." The indictment in trial court cause number 21-02-02579-CR, alleged that

---

[2]*Annette* is a pseudonym. *See* Tex. Const. art. I, § 30 (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process"). Both indictments also allege that Bradley had prior convictions for family-violence assault. *See id.* § 22.01(b)(2)(A), (b-3). Both indictments include enhancement counts, which allege that Bradley had committed two prior sequenced felonies, which had become final before the primary offense, one for tampering with evidence and the other for manufacturing or delivering a controlled substance.

Bradley assaulted Annette "by striking her with [his] hand and striking with a blunt object."

In January 2020, the trial court appointed Robert Bartlett to represent Bradley in the case filed in 2020, cause number 20-01-00617-CR. Later, the trial court appointed Bartlett to represent Bradley in the case filed in 2021, cause number 21-02-02579-CR. Six months before the trial and without objection, the trial court consolidated the cases for trial.

In August 2021, the case was called for trial. Bradley pleaded not guilty. After hearing the evidence, however, the jury found Bradley guilty as alleged in the indictments of having committed both offenses.

Bradley chose to let the jury assess his punishment. After the jury heard the punishment evidence, it found the enhancement allegations "true" and decided that on each of his convictions for family-violence assault, as enhanced by prior convictions, Bradley should serve a sixty-year sentence.[3] Following the trial, the trial court signed judgments consistent with the jury's verdicts.

---

[3]*See* Tex. Penal Code Ann. § 12.42(d) (enhancing the punishment range for a defendant who has previously been convicted of two felony offenses to life in prison, or for any term of not more than 99 years or less than 25 years).

The day the judgments were signed, the trial court granted the motions to withdraw, filed by Robert Bartlett. The trial court appointed Robbie Barker as Bradley's attorney to represent him in "all litigation in the trial court through and including a ruling on a Motion for New Trial, and filing a notice of appeal[.]"

Around three weeks after Barker was appointed as Bradley's attorney, Barker filed motions for new trial in Bradley's cases. In identical motions, Barker alleged that Bradley was entitled to a new trial because "a juror received extraneous evidence that [Bradley] had a pending charge of sexual assault." The motions for new trial also claimed that the "information influenced the juror's decision to convict[,] . . . influenced the juror's decision on sentencing[,]" and "caused the juror to engage in juror misconduct," which Barker claimed resulted in Bradley not receiving "a fair and impartial trial."

In November 2021, the trial court held a hearing on Bradley's motions. Barker appeared at the hearing, but Bradley was not present. Barker argued the motions in the two case. She didn't object that Bradley was not present for the hearing. From the discussion during the hearing, it's apparent that in a prior hearing, the trial court had permitted Barker

6

to contact the jurors in Bradley's trial.[4] In the November hearing, the judge also told Barker and the prosecutor that the court was aware that two of the jurors that Barker had spoken to had given her affidavits.[5] The transcript reflects the trial court had seen the affidavits of the jurors, but Barker never offered the jurors' affidavits into evidence during the hearing. The jurors' affidavits are also not attached to the motion for new trial that Barker filed in Bradley's cases.[6]

During the hearing, the prosecutor argued that if the affidavits were being offered as exhibits under an exception to Rule 606(b) of the Texas Rules of Evidence, they would be inadmissible. According to the

---

[4]The appellate record doesn't include a transcript of the hearing in which the trial court gave Barker permission to contact the jury in Barker's trial, but in the November hearing, the judge stated that the court had given Barker "permission to address and talk to the jurors to see if they had somehow been unduly influenced."

[5]Affidavits from two of the jurors from Bradley's trial appear in the Clerk's Record. We assume these are the two affidavits the trial court was referring to in the hearing on the motion for new trial.

[6]In September 2021 when Barker initially filed the motion for new trial, she hadn't received the trial court's permission to speak to the jurors and didn't have any affidavits from any jurors to file with the motion. The only place the jurors' affidavits appear in the Clerks' Record are as exhibits to the pro se motion Bradley filed to disqualify the judge of the 221st District Court, which he filed on May 5, 2022. The jurors' affidavits, which are in the Clerk's Record at page 280 and 281 in appeal number 09-22-00176-CR, were signed by the jurors before a notary on November 4, 2021.

prosecutor, Rule 606(b) generally prohibits a juror from testifying "about any statement made or incident that occurred during the jury's deliberations[.]"[7]

Even though the affidavits weren't admitted into evidence in the November hearing, they are in the Clerk's Record. And it's clear the trial court considered them when it ruled on Bradley's motions since the trial court said: "[T]he fact that two of [the] jurors are saying that they saw something, that is compelling." But the trial court also stated: "There is no evidence to suggest that anything was done erroneously, by my knowledge, in the guilt/innocence phase."[8] We note that both jurors' affidavits address deliberations in the punishment phase of the trial: That is, nothing in either affidavit indicates that either juror claims to

---

[7]Tex. R. Evid. 606(b).

[8]We agree with the trial court that nothing in the jurors' affidavits suggests that any jurors saw or discussed documents when deliberating on a verdict that were not admitted into evidence during the guilt-innocence phase of Bradley's trial. Since the State did not appeal from the trial court's ruling on Bradley's motion for new trial, we express no opinion about whether the trial court abused its discretion by considering affidavits not offered into evidence in the hearing the trial court conducted on Bradley's motion for new trial or whether the trial court would have abused its discretion by admitting the affidavits over the State's objection claiming they were inadmissible under the exceptions to Rule 606(b), Texas Rules of Evidence.

have seen evidence the trial court didn't admit into evidence while deliberating on its verdict during the guilt-innocence phase of the trial.

The trial court's ruling appears to have been based on the information in the two jurors' affidavits, even though the affidavits were never offered or admitted into evidence. We reach that conclusion because the trial court told Barker and the prosecutor that the trial court believed the jury in the punishment phase of the trial had been exposed to information not in evidence and because the trial court said the information in the affidavits "had an impact on their decision[.]" So under the circumstances and based on the conclusions the trial court apparently chose to draw in the hearing about what the jury did in deciding that Bradley should serve sixty-year sentences on each of his convictions, the trial court told the attorneys that it would "grant [Bradley's] motion for new trial as to - - only as to punishment."[9]

---

[9]Bradley's trial occurred while the trial court was applying the Texas Supreme Court's Emergency Rules, applicable during the period that applied to the pandemic, Covid-19. Consequently, the jury deliberations occurred in the courtroom rather than in the smaller room of the court. From the transcript of the hearing, our understanding is that documents that didn't belong with Bradley's case were allowed to remain in the courtroom when the court left the jury in the courtroom to deliberate on its verdict, apparently during the punishment phase of the trial. One of the juror's affidavits states that during the punishment

9

Following the hearing, the trial court signed an order granting Bradley a new trial "as to punishment only." In August 2021, the trial court reappointed Robert Bartlett to represent Bradley in the retrial of the punishment phase of his two cases, trial court causes 20-01-00617-CR and 21-02-02579-CR.

On April 21, 2022, Bradley filed a pro se motion for new trial. In his motion, Bradley complained that he wasn't present when, in November 2021, the trial court heard his motion for new trial—the motion handled by his court-appointed attorney, Barker. On April 26, the trial court conducted a hearing on Bradley's pro se motion for new trial. In that hearing, Bartlett (by then reappointed as Bradley's attorney, although Barker was also present) told the trial court that he and Bradley had

---

phase of Bradley's case, on a "ledge near the judge's bench," there "was paperwork that included additional felony charges that were not presented by either side during the trial." According to this juror, "[a] couple of jurors read the additional charges out loud to the rest of the jurors[.]" The other juror's affidavit states that in the punishment phase of Bradley's trial, "[o]n a bench in front of the court reporter's seat, there was paperwork that included a charge of misconduct with a minor and other charges[,]" but the paperwork "did not have a name on the paper." Both jurors' affidavits explain that, during deliberations, several jurors read and discussed these documents with the other jurors.

10

disagreed about some matters but had nonetheless "overcome our difficulties."

Bartlett then asked Bradley whether Bradley wanted to "keep [him] for [the punishment] part of the trial[.]" Bradley responded: "Yes, sir." As the hearing continued, however, Bradley told the trial court that he felt that Bartlett was "not representing me to the fullest." Bradley explained that he felt the trial court was biased, and he told the trial court that Bartlett was "not willing to push" that theory. Then Bradley said: "I would rather represent myself."

After Bradley invoked his right to self-representation, the trial judge told Bradley that she had granted his request and given him a new trial on punishment in the two cases because the evidence showed that documents, not in evidence, were seen by jurors only in the punishment phase of his trial. Even so, the trial court told Bradley that he still had "every right to represent himself."

The trial court then determined Bradley had (1) obtained a GED, (2) held a license as a barber, (3) was 46 years old, (4) had experience in the courts (including here), (5) had never been found incompetent, (6) could read and write, and (7) could not afford to hire an attorney. The

trial court granted Bradley's request to represent himself, advising Bradley the court would allow Bartlett to be present in court as standby counsel when the cases were retried, but Bartlett would be serving Bradley in an advisory capacity only.

Two days later, the trial court conducted another hearing. In this hearing, the trial court warned Bradley further about the disadvantages of representing himself. Bartlett was present as standby counsel at this hearing. The trial court told Bradley he would be required to follow the procedures used in a trial to call and question witnesses, "just like a regular trial." The trial court also told Bradley that when he wanted to object, he needed to stand up to do so, just like the prosecutor. And the judge explained if Bradley had questions, he could ask Bartlett to help him in Bartlett's role as standby counsel, but that Bartlett couldn't question witnesses or speak on his behalf unless Bradley allowed Bartlett to "step in and take over - - which I have had happen before."

That same day, April 28, 2022, Bradley signed a form in which he acknowledged he had been advised of his right to counsel, that counsel would be appointed for free if he could not afford counsel, and that after being advised of the charges pending against him, he still wanted to

proceed pro se and waive his right to counsel. Bradley signed his name to the form below statements advising of the dangers of self-representation. Just below Bradley's signature, the form contains the trial court's findings of fact. The trial court's findings include a finding that Bradley was of "sufficient age, background, and education to understand the implications and dangers of self-representation."

On May 5, 2022, Bradley filed a pro se motion to disqualify the judge of the 221st District Court from presiding over his cases. Several weeks later, a judge assigned by the regional administrative judge conducted a hearing on Bradley's motion. In the motion, Bradley alleged that the trial court was "biased," could not give him a "fair trial[.]" Bradley's motion sought to disqualify the judge of the 221st District Court, claiming she should be disqualified because, as an assistant prosecutor employed by the District Attorney in Montgomery County, she had prosecuted him in 1996, a case that ended with his conviction.[10]

---

[10]The prior conviction that Bradley cited in his motion, a conviction for retaliation, isn't one of the convictions on which the State relied on in either of Bradley's indictments to prove that Bradley committed a prior offense against someone he was dating or against a member of his family, or to enhance the punishment on Bradley's convictions for assault.

Bradley represented himself in the hearing conducted on his motion. Ten days after the hearing, the judge who conducted the hearing on Bradley's motion to disqualify the judge of the 221st District Court denied the pro se motion. Because the motion was denied, the judge of the 221st District Court continued to preside over the remaining hearing and trials in the cases at issue in these appeals.

On Tuesday, May 31, 2022, the judge of the 221 District Court held a pretrial hearing to discuss what the court characterized as the "logistics" of selecting the jury, which was scheduled for Monday, June 6. In the hearing, the trial court said that it had come to the court's attention that Bradley was saying he didn't want to represent himself and that now, he was "thinking [he] want[ed] Mr. Bartlett to represent [him]." Based on that, the trial court asked Bradley: "[D]o you want to represent yourself?" In response, Bradley said: "I will use Mr. Bartlett." Consequently, the only motion on which Bradley represented himself was on his motion to disqualify the judge of the 221st District Court, a motion handled before another judge, which that judge had denied.

Bartlett represented Bradley in the second consolidated punishment hearing in trial court causes 20-01-00617-CR and 21-02-

14

02579-CR. In the second punishment hearing, the jury found that Bradley should serve a 35-year sentence in cause number 20-01-00617-CR and a 25-year sentence in cause number 21-02-02579-CR.[11] After the trial court signed judgments consistent with the jury's verdicts following the second punishment hearing, Bradley appealed.

## Failure to Properly Preserve Error

In Bradley's first issue, he argues "the trial court erred by conducting [a] hearing on [his] Motion for New Trial without his presence[.]" We don't reach the merits of his issue, however, because it wasn't properly preserved in the trial court for the purpose of a later appeal.

As a matter of constitutional law, a defendant has a right to be present at trial and to confront the witnesses that testify.[12] The defendant's right to be present includes hearings that a court conducts on motions for new trials.[13]  Although required, a defendant may waive

---

[11]In response to the questions about whether the allegations in the respective indictments in Paragraph A and B of the indictments "are true[,]" the jury answered: "True." *See* Tex. Penal Code Ann. § 12.42(d). The trial court ordered the sentences in the two cases to be served concurrently.

[12]U.S. CONST. amend. VI; Tex. Const. art. 1, § 10.

[13]*See* Tex. Code Crim. Proc. Ann. art. 33.03 (Presence of Defendant).

15

his right to be present in a post-conviction hearing on a motion for new trial.[14]

On appeal, a defendant may not have the trial court's judgment reversed unless the record reflects the appellant "was denied the right to be present at the time the motion for new trial was heard and acted upon by the court."[15] The record before us does not reflect that the attorney who represented Bradley during the November 2021 hearing—Robbie Barker—ever informed the trial court that Bradley had expressed a desire indicating that Bradley wanted to be present for the November hearing. And no witnesses were called to testify in the November hearing on Bradley's motion for new trial.

As mentioned, there were affidavits from the two jurors that were addressed in the hearing, affidavits that Barker obtained with the trial court's permission before the hearing occurred. These affidavits were never formally offered into evidence, and they were not attached to the motion for new trial that Barker filed in Bradley's cases. Even if Barker had formally offered the affidavits into evidence, Rule 606(b) generally

---

[14]*Phillips v. State*, 288 S.W.2d 775 (1956).
[15]*Johnson v. State*, 289 S.W.2d 249, 250 (Tex. Crim. App. 1956).

prohibits courts from considering testimony from jurors about what the jurors considered in deliberating on a verdict. Still, despite that Rule of Evidence, the trial court here granted Bradley's motion and allowed him a new punishment hearing based on allegations in his motion supported by affidavits never admitted or offered into evidence that jurors had seen documents not in evidence in the punishment phase of Bradley's trial.

Barker never told the trial court that Bradley wanted to be present for the hearing. On top of that, nothing shows Barker requested or could not have obtained a bench warrant to compel the Texas Department of Criminal Justice to compel the facility where Bradley was being held to bring Bradley to court for the hearing.[16] When boiled down, Bradley's complaint about not being present on his motion for new trial is like the complaint the appellant raised in *Whitaker v. State*, 977 S.W.2d 869, 876-77 (Tex. App.—Beaumont 1998, pet. ref'd). In *Whitaker*, the defendant's attorney didn't object to the fact the defendant was not present for the hearing on his motion for new trial.[17] The defendant's attorney also didn't object in the hearing or arrange before the hearing for a bench warrant

---

[16]*See* Tex. Code Crim. Proc. Ann. art. 24.13.
[17]*Whitaker v. State*, 977 S.W.2d 869, 877 (Tex. App.—Beaumont 1998, pet. ref'd).

to issue, which had it issued would have required the authorities holding the defendant to bring the defendant to court.[18] On those facts, the Beaumont Court of Appeals concluded "that appellant's right to be present at the hearing on the motion for new trial was waived."[19]

Under the record presented in Bradley's appeal, nothing shows the trial court was aware that Bradley wanted to be present for the hearing, his attorney didn't object during the hearing that Bradley wasn't present, and nothing shows any witnesses were called to testify in the hearing. So even if Bradley had been present, the two jurors who signed the affidavits wouldn't have been there for him to "confront." Simply put, the record doesn't support Bradley's argument that he preserved his due process claim. We overrule Bradley's first issue.

Warning of the Dangers of Self-Representation

In Bradley's second issue, he argues the trial court "erred by allowing Appellant to proceed pro se at the punishment stage without properly warning him as required by *Faretta v. California*, 422 U.S. 806 (1975) and Code of Criminal Procedure Art[icle] 1.051(g)." In response,

---

[18]*Id.*
[19]*Id.*

the State concedes that "the colloquy at the hearing on [Bradley's] request to proceed pro se does not reflect that the judge orally admonished the appellant about the dangers of self-representation." Even so, the State argues the document Bradley signed two days later, which is titled "*Faretta* Warnings, Waiver of Court Appointed Counsel, Court Findings, and Order Allowing Defendant to Proceed Pro Se," contains warnings that sufficiently warned Bradley about the dangers of representing himself.

We begin by noting that Bradley appeared as his own attorney in only one hearing, the hearing the trial court conducted on his motion to disqualify the judge of the 221st District Court on May 20, 2022. In the hearing on May 20th, the judge assigned to hear Bradley's pro se motion began the hearing by advising Bradley that he could make an opening statement and call witnesses. After Bradley and the State made their opening statements, Bradley called Bartlett as his first witness. Bartlett testified that Bradley complained repeatedly to him that Barker had never contacted Bradley and that Bradley "felt that that was improper that [he] had not been brought back for the proceedings." Bartlett also testified that based on what Bradley said, he understood Bradley felt a

19

"due process violation" had occurred because Bradley had not personally been present at the hearing.

After Bradley and the prosecutor finished questioning Bartlett, Bradley called himself as a witness. Bradley testified that when Barker handled the hearing on his motion for new trial in November 2021, he was incarcerated in the McConnel Unit, Texas Department of Corrections. According to Bradley, he "wasn't notified" of the hearing and did not know it was taking place until December 20, 2021, which is when he learned for the first time that the motion had been granted. Bradley testified that he found out the motion for new trial filed by Barker had been granted in a letter Barker sent him, which was dated December 20, 2021. Bradley testified that until he received Barker's letter, he "had no idea [the hearing] had taken place." Bradley then testified that he did have some contact with Barker, although when they spoke it was never clear. According to Bradley, he "was not aware of anything that she filed in the motion[,]" yet he also testified that he had spoken to Barker and was "in disagreement with Ms. Barker about the filings for the new trial, the motion for new trial and the grounds." Bradley claimed that he wanted a new trial on guilt, and he testified he wanted to present

evidence, the two jurors' affidavits that Barker obtained from jurors, because those affidavits support a ruling granting a new trial on guilt.

On appeal, Bradley acknowledges that after he invoked his right to represent himself, the trial court determined in the initial hearing how old he was, that he had experience in court, and why he wanted to represent himself. But Bradley claims the trial court never warned him about "the dangers of self-representation." To be more specific, Bradley suggests the trial court failed to warn him (1) there are technical rules of evidence and procedure that apply to the trials, (2) that he "would not be granted any special consideration[,]" or (3) to advise him "of the practical disadvantages" associated with a defendant's decision to represent himself. On top of those complaints, Bradley argues the warnings the trial court provided don't comply with the requirements of article 1.051(g) of the Code of Criminal Procedure, which requires trial courts to obtain a statement, signed by the defendant, that substantially complies with the warnings described in the statute listing the dangers and disadvantages of self-representation.[20]

---

[20]Tex. Code Crim. Proc. Ann. art. 1.051(g).

When the oral and written warnings of April 26th and April 28th are considered together, the record shows the warning Bradley received before he represented himself on his motion to disqualify the trial judge in the hearing adequately warned him of the dangers and disadvantages of representing himself.[21] The document Bradley signed informed him there are technical rules of evidence and procedure that apply to trials, warned him he would not be given any special consideration because he had no legal training or experience, and advised him he could receive free legal representation if he couldn't afford counsel. And even after Bradley received these warnings, he chose to waive his right to counsel and represent himself in the hearing on his motion to disqualify the judge of the 221st District Court.

We conclude the warning Bradley received before being allowed to represent himself on his motion to disqualify adequately warned him of the dangers of representing himself. Besides, Bradley represented himself on just that one motion. He didn't represent himself in the trial,

---

[21]*See Osorio-Lopez v. State*, 663 S.W.3d 750, 757 (Tex. Crim. App. 2022) (noting "the focus is on whether the defendant is competent to choose to proceed pro se, not whether he is equipped to represent himself at trial"); *see also* U.S. CONST. amend. VI; Tex. Code Crim. Proc. Ann. art. 1.051(g).

as his issue claims. We also note that Bradley didn't assign error to the ruling the trial court made on his pro se motion to disqualify the judge of the 221st District Court. For all these reasons, Bradley's second issue is overruled.

## Conclusion

Bradley failed to properly preserve his complaint that he wasn't present for the hearing on his motion for new trial for a later appeal. The record also doesn't support Bradley's arguments that the trial court failed to properly admonish him of the dangers of representing himself on his motion to disqualify the judge of the 221st District Court. Accordingly, the trial court's judgments in trial court causes 20-01-00617-CR and 21-02-02579-CR are affirmed.

AFFIRMED.

HOLLIS HORTON
Justice

Submitted on August 1, 2023
Opinion Delivered November 29, 2023
Do Not Publish

Before Horton, Johnson and Wright, JJ.